THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT H. JAFFE, Respondent, *v.* WARREN HENDERSON, as Superintendent of the Monroe County Penitentiary, Appellant.

Fourth Department, June 26, 1935.

*Daniel J. O'Mara, District Attorney* [*Harry L. Rosenthal, Assistant District Attorney,* of counsel], for the appellant.

*Vincent J. Mulvey,* for the respondent.

THOMPSON, J.   Upon a plea of guilty to a charge of having sold obscene literature, in violation of subdivision 1 of section 1141 of the Penal Law, the City Court, Criminal Branch, of the City of Rochester, sentenced relator to serve a term of one year in the Monroe County Penitentiary, and to pay a fine of $500.   This is defendant's appeal for the People (Civ. Prac. Act, § 1275) from the order of the Special Term sustaining relator's writ of habeas corpus, and discharging him from custody, upon the ground that the City Court did not have jurisdiction of the charge, or authority to pronounce the sentence.   The case turns on the question whether a violation of the section referred to is a felony.   The statute in terms declares that a violation of it is a misdemeanor.   The provision of the statute relating to the punishment which may be imposed for its violation is as follows: " and, upon conviction, shall be sentenced to not less than ten days nor more than one year imprisonment or be fined not less than fifty dollars nor more than one thousand dollars or both fine and imprisonment for each offense."

Under the provisions of section 1937 of the Penal Law, a person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed, is punishable by imprisonment in a penitentiary, or county jail, " for not more than one year," or by a fine of not more than five hundred dollars, or by both.

Section 2182 of the Penal Law provides that where a person is convicted of a crime, for which the punishment inflicted is imprisonment " for a term of one year," he may be sentenced to a county jail, penitentiary or State prison.   Upon a first conviction for felony, the accused must be sentenced to a State prison under an indeterminate sentence, " the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum * * * shall not be more than one-half the longest period and the maximum shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted."   (Penal Law, § 2189.)   By virtue of section 4 of the Code of Criminal Procedure crimes must be prosecuted by indictment, except: " 1. * * * 2. * * * 3. * * * 4. Such crimes as are hereinafter or in special statutes specified as cognizable by courts of special sessions and police courts."   By sections 474 and 476 of the charter of the city of Rochester (Laws of 1907, chap. 755, as amd. by Laws of 1918, chap. 495) the City Court, Criminal Branch, is given exclusive jurisdiction of all charges of the grade of misdemeanor committed in the city, and upon conviction, a sentence of imprisonment not exceeding one year, or a fine not exceeding $500, or

both, may be imposed, " except where a different punishment is by law prescribed for such offense." This court is a Court of Special Sessions. (Laws of 1918, chap. 495, § 474.) Its judges are vested with the jurisdiction lodged in Police Courts and Courts of Special Sessions. Section 717 of the Code of Criminal Procedure limits the jurisdiction of Courts of Special Sessions to fifty dollars fine and imprisonment for six months, " except where otherwise provided by law or ordinance." The language of section 717, just above quoted (amendment of 1926), as well as the Rochester City Court Act's jurisdictional clause, which, it will be observed, is to the same effect, confers authority upon the City Court of Rochester to impose the punishment provided by criminal statutes, irrespective of the former limitation. (*People* v. *Kraft*, 229 App. Div. 281.) It follows that, although the statute provides for the imposition of a fine of $1,000, as against $500, the limit of the Police Court's power to assess fines fixed by the charter of the city of Rochester, the City Court would nevertheless have the power to impose a fine of $1,000, if its discretion so moved it. (*People* v. *Kraft, supra;* Charter of City of Rochester, *supra;* Code Crim. Proc. § 717.) The statute which we are examining itself denominates violations of its provisions as misdemeanors, and it provides for their punishment by fine and imprisonment within the authority of Courts of Special Sessions to impose. So it appears that such violations are not felonies, but misdemeanors.

In *People ex rel. Devoe* v. *Kelly* (32 Hun, 536; affd., 97 N. Y. 212) relator in habeas corpus attacked the validity of a sentence of imprisonment for one year in a State prison pronounced against him upon conviction of the crime of assault in the third degree, upon the ground that the offense was not a felony, but a misdemeanor, and, as such, punishable by imprisonment in a penitentiary or county jail, and not by incarceration in a State prison. At that time section 222 of the Penal Code read, " assault in the third degree is punishable by imprisonment for not more than one year, or by a fine of not more than five hundred dollars, or both." At the same time section 703 of the Penal Code declared: " Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term of one year, he may be sentenced to, and the imprisonment may be inflicted by, confinement either in a county jail, or in a penitentiary or state prison. No person shall be sentenced to imprisonment in a state prison for less than one year." In reaching its determination that the crime charged was a misdemeanor and not a felony, the court observed (p. 540) that the punishment for assault in the third degree was identical with that provided for the punishment of misdemeanors. " It is there-

fore clear, as I think, that the relator could only be punished as for a misdemeanor *. *. *. The relator's case * * * calls for punishment ' for not more than one year ' (sec. 222), not ' for a term of one year.' In the former case the term is for *not more* than one year; that is, one year or less; in the latter the term must be for one year, and may be for a longer period. The sentence of the relator should have been pronounced under section 15, to imprisonment in a penitentiary or county jail, or by fine, or both. The sentence to the State prison was without authority of law, and void." In modifying the judgment of the General Term in another respect and in affirming, the Court of Appeals found occasion to say: " The court below was of opinion that the sentence was without authority of law and void, that the offense was a misdemeanor and punishable only by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both, as provided by section 15 of the Penal Code. In this conclusion we concur."

" Many crimes which, at common law, were only misdemeanors are here felonies, and no instance can be found in which an offense, which is declared to be a misdemeanor, can be visited with the punishment prescribed for a felony." (*People* v. *Lyon*, 99 N. Y. 210, 216.) " Severity will not be given to the purposes of a penal statute beyond or greater than its terms require, nor will a statute be construed to increase or multiply the cases to which the term felony may be applied, unless such construction is supported by express words or necessary implication." (*People* v. *Lyon*, 33 Hun, 623, 637; revd. on other grounds, 99 N. Y. 210, *supra*.)

The section we are examining, declaring the prohibited act a misdemeanor, and the extreme punishment it prescribes being within the jurisdiction of the Courts of Special Sessions to pronounce, the offense is a misdemeanor, even though the term of imprisonment provided is of sufficient length to give power to a court of competent jurisdiction to sentence an offender to imprisonment in a State prison. It has been so treated. (*People* v. *Sanger*, 168 App. Div. 835; *People* v. *Brown*, 153 id. 234.)

It should also be noted that the salutary provisions of law with reference to indeterminate sentences by its terms exclude the imposition of a sentence to imprisonment in a State prison for a violation of this statute. To make up such a sentence there must be a maximum and minimum. The minimum cannot be less than one year, and although the law does not prescribe the shortest period that may lie between the maximum and minimum of an indeterminate sentence, it is obvious that it must at least be more than an instant, else the purpose of the statute would be impossible of

attainment. Nowhere in the Penal Law can there be found a crime designated as a felony for which the maximum penalty prescribed is one year. The only sentence that could be pronounced in this case would be one of not less than one year, nor more than one year. Validity of such a sentence is excluded by a contemplation of the objects of the statute as well as by its terms.

We find nothing inconsistent with these views in *People ex rel. Cosgriff* v. *Craig* (195 N. Y. 190). The crime charged in that case was petit larceny as a second offense. While petit larceny is declared by statute to be a misdemeanor, the statute defining the crime of petit larceny as a second offense includes no such designation. To the contrary, it is punishable by imprisonment for a term not exceeding two years. " This provision unquestionably made petit larceny, charged as a second offense, a felony (*People* v. *Lyon*, 99 N. Y. 210), and the crime was always prosecuted by indictment and never before the Special Sessions." (*People ex rel. Cosgriff* v. *Craig, supra.*) Conviction of the offense carried with it a possible sentence beyond the power of Courts of Special Sessions to pronounce. It was clearly punishable by imprisonment in a State prison and was thus a felony.

For these reasons, the order sustaining the writ of habeas corpus should be reversed, the writ dismissed, and the relator remanded to the custody of the superintendent of the Monroe County Penitentiary.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, writ of habeas corpus dismissed and relator remanded to custody.