THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CARL WITTEKIND and " JOHN DOE," Defendants.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CARL S. WITTEKIND, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN J. COGAN and CARL R. WITTEKIND, Defendants.

Court of General Sessions of County of New York, December 23, 1936.

*William Copeland Dodge, District Attorney [Lyon Boston, Assistant District Attorney,* of counsel], for the plaintiff.

*Nathaniel Phillips [S. S. Goldsmith* of counsel], for the defendant Carl S. Wittekind.

FRESCHI, J. Defendant Carl S. Wittekind seeks an order permitting him a reargument of the motions for a certification that it is reasonable that the charges now pending against him in the Court of Special Sessions as and for a misdemeanor shall be prosecuted by indictment, and upon such reargument for orders granting said motions. Three informations have been filed, in all of which the defendant Carl Wittekind is named, and John J. Cogan is a codefendant in one of said complaints. The defendant Wittekind is accused of soliciting business on behalf of an attorney and also of buying a demand on which to bring an action in violation of section 274 of the Penal Law, which provides:

" An attorney or counselor shall not:   \*   \*   \*

" 2. By himself, or by or in the name of another person, either before or after action brought, promise or give, or procure to be promised or given, a valuable consideration to any person, or an inducement to placing, or *in consideration* of having placed, in his hands, or in the hands of another person, a demand of any kind, for the purpose of bringing an action thereon, or of representing the claimant in the pursuit of any civil remedy for the recovery thereof. But this subdivision does not apply to an agreement between attorneys and counselors, or either, to divide between themselves the compensation to be received.

" 3. An attorney or counselor convicted of a violation of any of the provisions of this section, in addition to the punishment by fine and imprisonment prescribed therefor by this section, *forfeits his office.*

" 4. An attorney or counselor, who violates either of the first two subdivisions of this section, is guilty of a misdemeanor; and, on conviction thereof, shall be punished accordingly, and *must be removed from office by the Supreme Court.*"

On October 22, 1936, and October 23, 1936, this court denied the defendant's original motions which he seeks to reargue; and the following memorandum of decision was filed:

" *People, etc.,* v. *Carl R. Wittekind* — The defendant applies for a certificate certifying that it is reasonable that the charge now pending against the defendant Carl R. Wittekind shall be prosecuted by indictment. An information was filed in the Court of Special Sessions and the action prosecuted therein by direction of the grand jury, all of which was ordered and approved by order of one of the judges of this court. This motion must be denied (see opinions by KOENIG, J., in *People* v. *Miller*, filed November 24, 1933 [N. Y. L. J., Nov. 25, 1933, p. 1959], and in *People* v. *Nadel*, decided May 26, 1936 [N. Y. L. J., May 28, 1936, p. 2735])."

Subsequently the Appellate Division of the Supreme Court in the First Department decided the question of jurisdiction in this class of cases. (See *Matter of Dodge* v. *Supreme Court*, 249 App. Div. 103.)

As a part of this court, the grand jury in the exercise of its powers determined that these cases should be prosecuted by information and not by indictment. This received the full and unqualified approval of the court at the time in the exercise of its sound discretion. True, this court was not bound by the grand jury's direction, but once the court accepted the recommendation of that inquisitorial body and thereby selected the tribunal in which the charge must be tried and determined, a court in which all the powers rest and are vested with regard to such trial and the proceedings subsequent thereto, the assumption is that there was ample justification for such action. The order so made should not be disturbed and set aside unless there be established, in fact, very substantial reasons under the statutory provisions here sought to be invoked, showing that it is reasonable to undo what has been ordained and directed heretofore and that the order of transfer should be vacated and the case recalled to await the further action of the grand jury in the premises. It must be presumed that the grand jury and the court had valid reasons for transferring the case in the first instance. The " presumptive regularity " is a fair and just one. The " unique facts of particular cases " must be controlling in such applications as these. No attempt should be made to lay down the law for all cases, but justice must be done in each particular case under the machinery provided by the law of the

State and in the light of all the facts and circumstances thereof.

I do not agree with the statement that in all cases twelve men are better judges of parties and witnesses than the trained judge. There are certain misdemeanor cases where the opinion of the community should form the basis for a verdict, and the interests of the public can be best represented by laymen — those in the street who represent the opinion and common sense of the community in deciding such cases under instructions of the court as to the law upon a conflict of evidence.

In passing, and speaking generally, where issues in several cases are inextricably bound up with each other and the trials must be held in separate tribunals to determine such issues, then a policy of consolidation ought to be adopted by the prosecuting authorities wherever that is practical and just in order to avoid a multiplicity of prosecutions for crimes all arising out of the same transaction, in consonance with the recently expressed policy of the New York Legislature as expressed in its latest enactment to join all accusations in one case under such circumstances. (Code Crim. Proc. § 279. See, also, § 292-a.) But it seems to the court that this matter deals largely with a matter of policy in the administration of the business of the office of the district attorney with which one should hesitate, if not entirely refrain, from interfering, unless the cases present extraordinary circumstances to the prejudice of the defendant which would warrant a transfer or a consolidation or joinder of several actions as provided by law.

The defendant attacks the jurisdiction of the Court of Special Sessions upon the ground that the violation of section 274 of the Penal Law is really a felony.

The punishment prescribed for the crime of buying a demand is not specifically prescribed by the statute defining the crime, although it does prescribe forfeiture of the attorney's office in the event of conviction, in addition to the punishment for a " misdemeanor." Section 1937 fixes the penalty and punishment of misdemeanors when not fixed by statute as follows: " A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

The contention of the defendant is that, in effect, the punishment prescribed for this offense makes the offense a felony. He relies on article 1, section 6, of the New York State Constitution

that no person shall be held to answer for a capital or otherwise infamous crime unless upon presentment or indictment of a grand jury, and cites section 2 of the Penal Law defining a felony and *People* v. *Bellinger* (269 N. Y. 265); *People ex rel. Cosgriff* v. *Craig* (195 id. 190, 196); *People* v. *Kaminsky* (208 id. 389, 394), from which he argues that though the offense here is denominated a " misdemeanor," the crime carries a punishment more severe than some felonies. Section 2182, subdivision 1, of the Penal Law, upon which defendant also bases his contention, was considered in *People ex rel. Jaffe* v. *Henderson* (245 App. Div. 169, at p. 170). As to the distinction between felonies and misdemeanors, see *People* v. *Lyon* (33 Hun, 623, 635). (See, also, *People* v. *Parr*, 4 N. Y. Crim. 545; S. C., 42 Hun, 313; *People ex rel. Battista* v. *Christian*, 131 Misc. 411; *People* v. *Lyon*, 99 N. Y. 210, 216.)

It is the opinion of the court that the crimes charged in the informations in question are not infamous crimes punishable as such. However, this issue can be submitted to and passed upon by the trial court.

Motions denied and stay of trial vacated.