THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOSEPH BELLE, Defendant.

County Court, Tioga County, March 1, 1928.

Crimes — indictments — jurisdiction — Police Court of village of Waverly, Tioga county, had exclusive jurisdiction under Village Law, § 182 (as amd. by Laws of 1927, chap. 650), to try and determine complaints against defendant for violation of Penal Law in reference to billiard parlors — grand jury without jurisdiction — indictments dismissed.

Indictments charging the defendant with violation of the Penal Law in reference to the operation of billiard parlors must be dismissed, since by reason of section 182 of the Village Law (as amd. by Laws of 1927, chap. 650) the Police Court of the village of Waverly, Tioga county, where the offense is alleged to have been committed, had exclusive jurisdiction to try and determine the complaints; the grand jury of that county had no jurisdiction to indict defendant.

MOTION to dismiss indictments for lack of jurisdiction.

*George L. Andrews, District Attorney*, for the People.

*F. E. Hawkes*, for the defendant.

TURK, J. On the 11th day of July, 1927, this defendant was indicted by the grand jury of Tioga county by five indictments which are numbered from one to five inclusive and which charge this defendant with five separate violations of the Penal Law in reference to billiard parlors, alleged to have been committed in the village of Waverly, town of Barton, county of Tioga, N. Y. One offense on June 18, 1927; two on June 20, 1927, and two on June 23, 1927. This is a motion by the defendant to dismiss the indictments on the ground that the Police Court of the village of Waverly had exclusive jurisdiction to try and determine these complaints and that the grand jury had no jurisdiction to indict.

Section 56 of the Code of Criminal Procedure enumerates certain offenses, the exclusive jurisdiction of which is given to Courts of Special Sessions. The Village Law (§ 182) prior to the 1st day of July, 1927, provided that the police justice of a village may hold a Court of Special Sessions therein, and shall have the exclusive jurisdiction to hear, try and determine charges of a misdemeanor committed within such village *and triable by a Court of Special Sessions*. This provision of law clearly limited the jurisdiction of police justices to the offenses enumerated in section 56 of the Code of Criminal Procedure. Section 74 of the Code of Criminal Procedure provides that police justices have such jurisdiction as is specially conferred upon them by statute. Section 182 of the Village Law, referred to above, was amended by chapter 650 of

the Laws of 1927 by omitting " and triable by Courts of Special Sessions " and adding the word " any " prior to the word "misdemeanor," so that the section now reads that such police justices "shall have  *  *  *  exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village  *  *  *." This amendment became effective on the 1st day of July, 1927, eleven days before these indictments were found.

I conclude, therefore, that the grand jury had no jurisdiction to indict and the offenses were triable in the Police Court or Court of Special Sessions of the village of Waverly. An order may be entered dismissing the indictments and discharging the bondsmen.