THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FRANK KRAFT, Respondent.

Third Department, May 8, 1930.

*George L. Andrews, District Attorney of Tioga County,* for the appellant.

*Frederick E. Hawkes,* for the respondent.

DAVIS, J. The defendant was arrested about January 1, 1930, on a warrant issued by the police justice charging him with maintaining a public nuisance in the village of Waverly in violation of section 1530 of the Penal Law. He was held for trial in Police Court. An application was made to a justice of the Supreme Court for a certificate of removal for prosecution by indictment. (Code Crim. Proc. § 57.) The application was denied on the ground that the Police Court had no jurisdiction to try this offense. In the opinion it was stated *inter alia* that although this crime was a misdemeanor, the punishment provided by statute, to wit, imprisonment for one year or a fine of $500 or both, was beyond the jurisdiction of a Court of Special Sessions. In appealing, the district attorney argues that jurisdiction is given by section 182 of the Village Law to try any misdemeanor in the village Police Court.

We are of opinion that the order is not appealable. The appellate jurisdiction of the courts of this State in criminal cases is purely statutory; and in the absence of a specific statute giving the right to appeal from an order or other determination, appellate courts will not assume jurisdiction to hear the appeal. (*People* v. *Zerillo,* 200 N. Y. 443; *Matter of Montgomery,* 126 App. Div. 72; appeal dismissed, 193 N. Y. 659.) We find no leave given by the Legislature to appeal from a discretionary order of this nature. (See Code Crim. Proc. §§ 517, 518, 520; *People* v. *Sanger,* 168 App.

Div. 835; *People* v. *Mascola*, 174 id. 360; *contra*, *People* v. *Butts*, 121 id. 226.)

We think the question of the jurisdiction of the Police Court was not presented on the motion for a certificate of removal. If there was no jurisdiction, no certificate of removal was necessary. That question could have been raised by demurrer or by a motion to discharge because of lack of jurisdiction (Code Crim. Proc. §§ 321, 322, 700; *People* v. *Knatt*, 156 N. Y. 302); and if the decision of the Police Court were adverse to defendant, he may review it after conviction on appeal (Code Crim. Proc. §§ 749–752); or by habeas corpus proceeding. The discussion of the law by the learned justice on the application for the certificate of removal "reveals the judicial mind in operation but leads to no other decision" than that the application is denied. (*Matter of Bean* v. *Stoddard*, 238 N. Y. 618, 620.) If this view be correct, the People as represented by the district attorney are not aggrieved.

However, if we dismiss the appeal without comment, it leaves the district attorney and defendant in doubt as to the court in which the defendant may be tried. Particularly is this true in view of conflicting decisions as to the jurisdiction given by the Legislature to Police Courts in villages by section 182 of the Village Law as amended. (Cf. *People* v. *Belle*, 131 Misc. 610; *People ex rel. Smith* v. *McClellan*, 133 id. 280.)

The theory of the defendant is that the jurisdiction of the Police Court of any village is limited to the trial of the crimes enumerated in sections 56 and 56-a of the Code of Criminal Procedure; that such court cannot render a judgment greater than a fine of fifty dollars or imprisonment for six months or both under the provisions of section 717 of the Code of Criminal Procedure; and, therefore, in this case, where the prescribed punishment is greater, the Police Court may not entertain jurisdiction.

" Courts of Special Sessions " is a generic term applicable to those courts which have no stated terms and are not continuous, but which are organized and exist only for the trial of each particular case and become *functus officio* when the judgment is rendered therein. (*People* v. *Starks*, 17 N. Y. St. Repr. 234, 238.) Such courts have been in existence for many years. (*People ex rel. Frank* v. *McCann*, 253 N. Y. 221, 225.) The term is equivalent to Police Courts. They derive their jurisdiction and power to act in any given case from the statute creating them. (Code Crim. Proc. § 74.) Undoubtedly they were patterned after English courts of " Sessions of the Peace " and " Courts of Petty Sessions." Historically, they were known originally as Courts of Special Sessions of the Peace. They were held generally by a justice of

the peace who acted as a court, not as a magistrate. (*Lattimore* v. *People*, 10 How. Pr. 336.) The office of justice of the peace had its origin in the Duke of York's Laws promulgated March 1, 1664. (1 Col. Laws, 43.) The office has been continued under the Constitutions but the jurisdiction of Justices' Courts both in civil and criminal matters has always been entirely statutory. In early times, as in later years, the jurisdiction has been increased to relieve the burden on other courts exercising criminal jurisdiction; and other courts were created as needed and given greater jurisdiction. In criminal matters they were generally courts of special sessions. (See 1 Col. Laws, 125, 143, 226; 2 id. 475, 766, 933; 3 id. 377, 379; 4 id. 969; 5 id. 644.) Without attempting to follow the history of these separate courts it is sufficient to say that they are now enumerated separately in section 11 of the Code of Criminal Procedure. Throughout the entire history of the Colony and State of New York, there has been distinction between courts of special sessions held by justices of the peace and those held by other magistrates. Sections 56 and 56-a of the Code of Criminal Procedure and preceding statutes were intended primarily to define the jurisdiction of justices of the peace and of magistrates given by statute the same jurisdiction. Other inferior local courts had such jurisdiction as was conferred by the particular statute creating them.

In 1925, article 6 of the State Constitution was reconstructed (effective January 1, 1926). The distinction between justices of the peace and other local judicial officers was maintained (State Const. art. 6, § 17) and the provisions permitting the Legislature to establish inferior local courts was continued. (Id. § 18.) In part it was provided: " courts of special sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the Legislature may authorize them to try such offenses without a jury."

Following the adoption of the new judiciary article the Legislature by chapter 650 of the Laws of 1927 amended section 182 of the Village Law so that it now reads: " The police justice of a village may hold a court of special sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village subject to the right of removal, as provided by the Code of Criminal Procedure, to a court having authority to inquire by the intervention of a grand jury into offenses committed within the county." Prior to the amendment of the Constitution and legislative act of 1927, the same section provided as follows: " The

police justice of a village may hold a court of special sessions therein, and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of a misdemeanor committed within such village and triable by a court of special sessions, subject to the right of removal, * * *." This undoubtedly limited the jurisdiction to the offenses enumerated in sections 56 and 56-a of the Code of Criminal Procedure.

It is clear that the Legislature had a definite purpose in mind to extend the jurisdiction of police courts of villages to include a greater number of misdemeanors than those triable by the courts held by justices of the peace and other officers having similar authority. This had already been done in many city charters creating local inferior courts called by different names. Very likely the reason and purpose of such legislation may be found in the increase of crime, particularly petty crimes as is commonly known, and the congestion of cases of all kinds in courts of record. No doubt, the legislation was intended to furnish a speedy and inexpensive method of trial of such crimes in local courts and obviate the delays and expense of indictment and trial in courts of record. If this be so, the beneficent purpose of the legislation should not be thwarted by a strained construction of the law. It is perhaps significant as indicating discrimination by the Legislature that there has been no amendment to section 123 of the Town Law increasing the jurisdiction of police justices in towns. Our belief is that the courts of special sessions held by police justices in villages and by magistrates in cities, however denominated, are local inferior courts entirely distinct in both Constitution and statutes from those Courts of Special Sessions mentioned in section 56 of the Code of Criminal Procedure. (See State Const. art. 6, §§ 17, 18; Code Crim. Proc. §§ 11, 31, 32, 60, 61, 62, 64, 64-a, 68, 68-a, 74.) To reach any other conclusion would involve the denial of the constitutional right of the Legislature to create inferior local courts and fix the limits of their jurisdiction. The procedure in all such courts is the same unless specially provided by statute. (Code Crim. Proc. part V, tit. 1.) Since the amendment of section 717 of the Code of Criminal Procedure in 1926 any Court of Special Sessions having jurisdiction may impose the punishment provided by statute regardless of the former limitation. (*People ex rel. Pierce* v. *Howe*, 218 App. Div. 273, 278.)

We think the Police Court of Waver'y had jurisdiction of the crime with which the defendant was charged subject to the power of removal and prosecution by indictment, if so ordered. The right of a defendant to a fair trial is fully protected. As we have said, the determination below amounted to no more than the denial

of the application for such certificate, but on an erroneous ground. The defendant's case stands undetermined in the Police Court.

The appeal should be dismissed but without prejudice to the right of the defendant to make another application for a certificate of removal.

HINMAN, Acting P. J., and HASBROUCK, J., concur; HILL, J., concurs in result, with a memorandum, in which WHITMYER, J., concurs.

HILL, J. I concur in the result, agreeing with the opinion that no appeal lies from an order determining an application for a certificate of removal and also that the question as to the jurisdiction of the Police Court was not presented and could not be determined on an application for the certificate of removal. As this question was not before the judge who made the order I do not think it is before us, but if it were I should disagree with the conclusion stated in the opinion. The Legislature cou d hardly have intended that an act in violation of section 1530 of the Penal Law if done within a village would be triable by a Court of Special Sessions while an identical violation outside a village would be triable in a court of record after indictment.

WHITMYER, J., concurs.

Appeal dismissed, without prejudice to the right of the defendant to make another application for a certificate of removal.