In the Matter of the Application of TIMOTHY E. ANSPACH, Petitioner, Appellant, against Hon. A. Ross RIDER, Individually and as Justice of the Peace of New Lebanon, N. Y., and as Presiding Justice of the Court of Special Sessions of New Lebanon, N. Y., Respondent.— Appeal from an order of the Special Term of the Supreme Court, Albany county, denying petitioner's application for an alternative order of prohibition.   On September 10, 1935, petitioner, pursuant to a warrant issued for his arrest, appeared before a justice of the peace at New Lebanon, N. Y., and pleaded not guilty to the charge of leaving the scene of an accident without making himself known.   A trial was had on September 18, 1935, which resulted in a disagreement of the jury, and, at the request of petitioner's attorney, the drawing of a jury was postponed to such time as would be convenient to him. Thereafter and on the 25th of September, 1935, a second jury panel was drawn and trial was set for September 28, 1935.   The petitioner then obtained a stay of proceedings pending the determination of an application made by him for the removal of the case to the Columbia County Court.   The application for removal was denied in February, 1936, and nothing further was done by the justice of the peace until September 2, 1936, when he sent notice to the petitioner that a trial of the matter would be held before said justice on the 12th day of September, 1936.   Petitioner then made application to the Supreme Court for an alternative order of prohibition, and proceedings before the justice of the peace were stayed pending the hearing of the application for such order of prohibition.   The application was denied October 24, 1936, and the appeal herein was taken from said order on the 26th of October, 1936.   After the appeal was taken and on October 30, 1936, the said justice of the peace, after notifying the parties interested, called

the case for trial, whereupon the petitioner herein obtained from a justice of this court a stay of all proceedings by the justice pending the determination of this appeal. There being no substantial dispute as to the facts, the parties have stipulated as follows: " Stipulated the Court may decide this appeal as though it were an appeal from a peremptory order and may finally dispose of the matter at this time." A justice of the peace, sitting as a Court of Special Sessions, has no power other than that conferred by statute (N. Y. Const. art. 6, § 18). (See *People* v. *Starks*, 17 N. Y. St. Repr. 234, 238; *People* v. *Kraft*, 229 App. Div. 281; *People ex rel. Frank* v. *McCann*, 253 N. Y. 221.) Such court does not possess continuing jurisdiction. It has power within certain statutory limits to adjourn a proceeding once commenced. When the court, having acquired jurisdiction, failed to continue the same over that particular matter by proper adjournment, it lost jurisdiction, and its power was ended. There is no statutory authority conferring further power after the expiration of the date properly fixed for proceeding in the matter, in the absence of proper adjournment. Order denying appellant's application should be reversed on the law, without costs; and a peremptory order of prohibition pursuant to the stipulation of the parties should be granted, without costs. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.