THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EGIDIO PAGANO, Appellant.

County Court, Dutchess County, October 11, 1954.

*James Carroll* and *Edward J. Filipowicz* for appellant.

*Raymond C. Baratta, District Attorney* (*Robert F. Winne* of counsel), for respondent.

SCHWARTZ, J. This is an appeal by the above-named defendant from his conviction of the crime of assault, third degree, following a trial without a jury, on September 28, 1953, in Justice's Court, town of East Fishkill, before Ralph J. Warren, Esq., Justice of the Peace, sitting as a Court of Special Sessions.

While several grounds of error are urged by the appellant as requiring a reversal of the judgment, since the one hereinafter discussed appears to be of paramount importance, and necessitates a reversal, the court confines this decision to that sole objection.

It appears that at the conclusion of the trial which was had on September 25, 1953, the Justice reserved decision and adjourned the case until September 28th, on which date he adjudged the defendant guilty and fined him $25. While there is a dispute whether this adjournment was with the consent of the defendant, that appears to this court to be immaterial, the question being whether a Court of Special Sessions may, at the conclusion of a defendant's trial before such court, reserve his decision as to the guilt or innocence of the defendant and adjourn the case to a future date for that purpose.

The Code of Criminal Procedure provides in title I of part V entitled " OF THE PROCEEDINGS IN COURTS OF SPECIAL SESSIONS IN THE COUNTIES OTHER THAN NEW YORK " and especially in section 717 as follows: " *Judgment on conviction.* When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon, of fine or imprisonment, or both, as the case may require. Upon such plea or conviction, the court may adjourn for sentence to a day certain, for purposes of investigation."

It has been heretofore held that a Court of Special Sessions is not a continuing court, but one of limited jurisdiction and exists only for the trial of each particular case. (*People* v. *Quimby,* 72 Misc. 421, 423, citing *People* v. *Starks,* 17 N. Y. St. Rep. 234, and *People* v. *Kraft,* 229 App. Div. 281.) These authorities likewise hold that a Justice's Court is not a court of record and there is therefore, no presumption in favor of jurisdiction. The jurisdiction of Justice's Courts both in civil and criminal matters has always been entirely statutory and in criminal matters they are generally Courts of Special Sessions. (Code Crim. Pro., § 74; *People* v. *Kraft, supra.*) When such a court having acquired jurisdiction fails to continue the same over that matter by proper adjournment, it loses jurisdiction and its power is ended. (*Matter of Anspach* v. *Rider,* 249 App. Div. 916.)

Moreover, it is as a court and not as a Justice of the Peace merely that the magistrate renders judgment, and the record must show that the court was in session when he rendered judgment. (*Lattimore* v. *People,* 10 How. Prac. 336, 338; *People* v. *Quimby, supra.*) In the case at bar it was by letter that the defendant-appellant was notified of his verdict. No session of the court was held.

In the case of *People ex rel. Cook* v. *Smith* (28 N. Y. St. Rep. 306), it was held that the certificate of conviction in a Court of Special Sessions provided for in section 721 of the Code of Criminal Procedure must be made during the session of the court and could not be made by the Justice after the court organized to try the cause had ceased to exist. While the court said that the language used in the code section was not to be construed as meaning that the certificate must immediately be made by the court, nevertheless, it was undoubtedly intended that the certificate should be made by the court while the court was in session, and could not be made after the court had ceased to exist for the trial of the case at hand, and the court in rendering its decision stated that equivalent language was used in section 717 in regard to the time when judgment should be rendered by the court. Most certainly we can agree that if a certificate of conviction must be made during the continuance of the court the decision which necessarily precedes it must be rendered at the same session of the court. That the foregoing is so with respect to the imposition of sentence appears to have been well recognized, since in 1949, section 717 was amended by specifically providing that the court might adjourn for sentence to a day certain (L. 1949, ch. 189). Prior to the enactment of that statute no right to adjourn for that purpose existed. If that were not so there would be no necessity for the amendment just mentioned.

A Court of Special Sessions, therefore, lacks the authority to reserve decision in a criminal case, but must render judgment upon the conclusion of all of the testimony. Not having done so in this case, and the court as has already been stated, not being a continuing court, it is without jurisdiction to correct the error. This court has no power to remit the record in this case to the Court of Special Sessions for further judgment. (*People* v. *Mittleman,* 150 Misc. 394, 397.) There is, therefore, nothing further for this court to do but declare the judgment void and discharge the defendant.

Judgment of conviction reversed and defendant discharged.
Submit order.