THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN DE LUIGI, Appellant.

County Court, Westchester County, August 12, 1955.

*Saul Katz* for appellant.

*Jos. F. Gagliardi, District Attorney,* for respondent.

FANELLI, J. Appeal by defendant from a judgment of the Court of Special Sessions, Town of Greenburgh, after trial without a jury, convicting him of violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law (permitting gambling on licensed premises).

At the conclusion of the trial counsel for both sides stipulated that the Justice be given such time as he saw fit within which to render his decision and the matter was adjourned without date. Thereafter, a decision was rendered finding defendant guilty as charged.

Upon this appeal, defendant urges error on two grounds, 1. that courts of special sessions are not continuing courts and that when a matter before it is adjourned without date, the court loses jurisdiction; and, 2. that there was no proof that defendant had knowledge or should have known that gambling was being conducted on the licensed premises. These contentions have no merit.

With respect to the first contention, some confusion has been caused by the decision in *People* v. *Pagano* (206 Misc. 717), decided October 11, 1954, which holds that a court of special sessions is not a continuous court and loses jurisdiction upon the adjournment of a cause without date. This decision, which is relied upon by defendant, overlooks the amendment to section 702-a of the Code of Criminal Procedure, effective September 1, 1953, which added subdivision 3. The amendment provides that if a magistrate, pending final disposition, adjourns

a case without date the court shall nevertheless continue. This legislative enactment changes the historical concept of courts of special sessions. Originally these courts, which have no stated terms, were not continuous, but were organized and existed for each particular case. It was long the law that the adjournment of a case without fixing a day certain operated to bring a court of special sessions to an end and it could not regain jurisdiction. (*Matter of Anspach* v. *Rider,* 249 App. Div. 916; *People* v. *Kraft,* 229 App. Div. 281; *People ex rel. Starks* v. *Batten,* 49 Hun 606, opinion in 1 N. Y. S. 721; *People* v. *Quinby,* 72 Misc. 421; *People* v. *Blanck,* N. Y. L. J., April 21, 1952, p. 1583, col. 3.) This situation often created miscarriages of justice. The Legislature, however, over the years has attempted to rectify the situation. The first step came in 1938 with the enactment of section 702-a of the Code of Criminal Procedure (L. 1938, ch. 456), which provided for a continuance of a case where the magistrate was unable to appear owing to illness or other unavoidable cause. The following year a second subdivision was added to section 702-a (L. 1939, ch. 102, as amd. by L. 1944, ch. 746) which provided the means for a court of special sessions to continue where, " [i]f, pending the trial, the magistrate shall die or be unable to preside at such trial or conduct any further proceedings in the cause by reason of his mental or physical incapacity, or be disqualified to act." The power of such courts was further broadened with the amendments to section 717 (L. 1949, ch. 189) and to subdivision 2 of section 702-a (L. 1949, ch. 586). Section 717 permitted the court upon a plea of guilty or conviction to " adjourn for sentence to a day certain, for purposes of investigation ". Subdivision 2 of section 702-a substituted the words " final disposition of the case ", for the words " the trial ". Four years later, section 764-a (L. 1953, ch. 586) was added to the code and provided that such court could correct an illegal sentence at any time and should continue for such purposes. At the same time subdivision 3 was added to section 702-a (L. 1953, ch. 585) which amendment is decisive of the point involved in this case and which provides " [i]f, pending final disposition of the case, the magistrate shall happen to adjourn without day, the court shall nonetheless continue." There is no question but that the Legislature intended by all these enactments to make the court a continuing court so as to prevent it from losing jurisdiction in these matters.

The history of the last amendment to section 702-a indicates that the legislation originated with Godfrey E. Updike, professor of law at New York University, a Justice of the Peace

of the Town of Somers and chairman of the committees on legislation of the State Magistrates Association and the Westchester Magistrates Association. This amendment was a part of the legislative program of these associations. Professor Updike in urging its enactment wrote to the Governor's counsel, as follows: "The proposed subdivision 3 covers a situation in which the magistrate may happen to adjourn the case without fixing a specific day for reconvening, either because counsel are unable at the moment to agree upon a day suitable to both, or for other reasons of like character. Under existing decisional law, such an adjournment has the effect of bringing the court to an end. The court cannot be reconvened for the purpose of further hearings in the cause, and the defendant must be discharged. Furthermore, if this happens to occur after the trial has commenced, the defendant can never be tried for the offense. Proposed subdivision 3 provides that in the event of an adjournment without day, the court shall none the less continue, and then makes reasonable provision for the reconvening of the court on the request of the defendant, or the district attorney, or of the complaining witness. The reason for the rule of termination is purely historical, and has nothing whatever to do with the preservation of the rights of the defendant. Its application in many circumstances results in a substantial miscarriage of justice".

It is therefore plain that the court below did not lose jurisdiction by adjourning without date prior to its final disposition of the matter.

With respect to the second contention, an examination of the record reveals there was sufficient evidence before the court to warrant a finding that the defendant knew or should have known gambling was being conducted on the licensed premises.

The judgment of conviction is accordingly affirmed. Settle order on notice.