THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THEODORE BARANOWSKI, Appellant.

County Court, Suffolk County, September 29, 1955.

*John P. Doyle* for appellant.

*Harry C. Brenner, District Attorney* (*Charles R. Thom* of counsel), for respondent.

MUNDER, J. This is an appeal from a judgment of conviction for a violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York. The defendant had been tried on this charge by the Justice of the Peace holding a Court of Special Sessions and according to the return on appeal "After hearing the defendant's witnesses, at the request of the defendant, I (the Court of Special Sessions) reserved decision on the speeding charge until after the jury had rendered its verdict on the driving while license was revoked charge, which trial was scheduled for 7:30 P.M., the same day."

Unfortunately, in my opinion, the court has committed an error for which there is no remedy. A Court of Special Sessions is not a continuing court but exists only for the trial of each particular case. (*People* v. *Kraft,* 229 App. Div. 281.)

The court has no power to reserve its decision after hearing the testimony. It must render judgment then but as provided in section 717 of the Code of Criminal Procedure, it may adjourn for sentence for a day certain for purposes of investigation. The rule in this matter was clearly stated by Dutchess County Judge SCHWARTZ in *People* v. *Pagano* (206 Misc. 717). That case differs from ours only in that the decision was rendered on a subsequent day. The principle is the same in both cases however.

The court having lost jurisdiction by this inadvertent error, its power ended. There is nothing for this court to do but declare the judgment void and discharge the defendant. Judgment of conviction reversed and defendant discharged.