Lawrence H. Cooke, J.
Defendant appeals from a judgment of conviction of the Court of Special Sessions, Town of Cochecton, adjudging him guilty of violating subdivision 26 of section 81 of the Vehicle and Traffic Law. It appears that at the conclusion of the trial, conducted without a jury, the Justice reserved decision and about 25 days thereafter rendered his decision finding guilt and imposing a fine.
Defendant contends that courts of special sessions are not continuing courts, that the Justice had no power to reserve decision and that, therefore, the judgment must be reversed, the fine returned and the defendant discharged. There is no question but that it was the law that where a court of special sessions, having acquired jurisdiction, failed to continue the same over that particular matter by proper adjournment, it *370 lost jurisdiction and its power was ended (Matter of Anspach v. Rider, 249 App. Div. 916), but the situation changed in 1953 when the Legislature added subdivision 3 of section 702-a of the Code of Criminal Procedure which provides: “ If, pending final disposition of the case, the magistrate shall happen to adjourn without day, the court shall nonetheless continue. The magistrate shall fix a day certain for the reconvening thereof upon the application of the defendant, or of the district attorney if he appears or is represented in the case, or if not, upon application of the complaining witness, upon at least eight days notice to the defendant, or if he appears by attorney, to his attorney.” The language of the first sentence of said subdivision is very clear and means just what it says — that if, pending final disposition, the magistrate shall happen to adjourn without day the court shall continue. With that enactment, the old concept or rule that, if .an adjournment to a particular day was not taken, the court did not continue and lost jurisdiction became a thing of the past. And so that there could be no mistake or doubt about it, the Legislature, by the second sentence of said subdivision so added, even prescribed the method for reconvening. The said wording of the said subdivision is broad. It refers to all adjournments without day pending final disposition of the case; it is not limited to adjournments for further hearings alone or any other particular purpose and so would include, among other things, adjournments for the purpose of rendering a decision. Certainly, a criminal matter would not reach the point of final disposition until a time beyond the rendition of the decision. The court in this case, therefore, did not lose jurisdiction by adjournment without date.
This position is supported by the opinion of Judge Fanelli, now a Justice of the Supreme Court, in People v. De Luigi (208 Misc. 537, 538-539) wherein it was held: “ With respect to the first contention, some confusion has been caused by the decision in People v. Pagano (206 Misc. 717), decided October 11, 1954, which holds that a court of special sessions is not a continuous court and loses jurisdiction upon the adjournment of a cause without date. This decision, which is relied upon by defendant, overlooks the amendment to section 702-a of the Code of Criminal Procedure, effective September 1, 1953, which added subdivision 3. The amendment provides that if a magistrate, pending final disposition, adjourns a case without date the court shall nevertheless continue. This legislative enactment changes the historical concept of courts of special sessions. Originally these courts, which have no stated terms, were not continuous, but were organized and existed for each particular *371 case. It was long the law that the adjournment of a case without fixing a day certain operated to bring a court of special sessions to an end and it could not regain jurisdiction. (Matter of Anspach v. Rider, 249 App. Div. 916; People v. Kraft, 229 App. Div. 281; People ex rel. Starks v. Batten, 49 Hun 606, opinion in 1 N. Y. S. 721; People v. Quinby, 72 Misc. 421; People v. Blanch, N. Y. L. J., April 21, 1952, p. 1583, col. 3.) This situation often created miscarriages of justice. The Legislature, however, over the years has attempted to rectify the situation. The first step came in 1938 with the enactment of section 702-a of the Code of Criminal Procedure (L. 1938, ch. 456), which provided for a continuance of a case where the magistrate was unable to appear owing to illness or other unavoidable cause. The following year a second subdivision was added to section 702-a (L. 1939, ch. 102, as amd. by L. 1944, ch. 746) which provided the means for a court of special sessions to continue where, ‘ [i]f, pending the trial, the magistrate shall die or be unable to preside at such trial or conduct any further proceedings in the cause by reason of his mental or physical incapacity, or be disqualified to act.’ The power of such courts was further broadened with the amendments to section 717 (L. 1949, ch. 189) and to subdivision 2 of section 702-a (L. 1949, ch. 586). Section 717 permitted the court upon a plea of guilty or conviction to ‘ adjourn for sentence to a day certain, for purposes of investigation ’. Subdivision 2 of section 702-a substituted the words ‘ final disposition of the ease ’, for the words ‘ the trial ’. Pour years later, section 764-a (L. 1953, ch. 586) was added to the code and provided that such court could correct an illegal sentence at any time and should continue for such purposes. At the same time subdivision 3 was added to section 702-a (L. 1953, ch. 585) which amendment is decisive of the point involved in this case and which provides ‘ [i] f, pending final disposition of the case, the magistrate shall happen to adjourn without day, the court shall nonetheless continue.’ There is no question but that the Legislature intended by all these enactments to make the court a continuing-court so as to prevent it from losing jurisdiction in these matters.”
Defendant relies upon People v. Pagano (206 Misc. 717) and People v. Baranowski (208 Misc. 862) but, with due respect, it is this court’s opinion that these decisions do not take into account the clear legislative intent as exhibited in said subdivision 3 of section 702-a and other recent enactments.
In People v. Pagano (supra) section 717 of the Code of Criminal Procedure is cited and it is stated in said opinion that *372 a court of special sessions lacks authority to reserve decision in a criminal case but must render judgment upon conclusion of all the testimony. But said section 717 entitled ‘‘ Judgment on conviction ’’ reads: ‘‘ When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon, of fine or imprisonment, or both, as the case may require. Upon such plea or conviction, the court may adjourn for sentence to a day certain, for purposes of investigation.” It is significant to notice that at no place in said section 717 are the words ‘‘ forthwith ” or ‘‘ immediately ’’ employed although they appear in at least seven places in the title of which said section is a part, which title is a whole interrelated structure outlining the procedure from arraignment through judgment to forfeiture of bail and issuance of bench warrants. In People v. Pagano (supra) the cases of Lattimore v. People (10 How. Prac. 336) and People ex rel. Cook v. Smith (55 Hun 604, opinion in 9 N. Y. S. 181) are cited. The first of these cases states at pages 338-339: “ There is nothing in the statute which requires a court of special sessions to render judgment forthwith upon the delivery of the verdict by the jury, as in civil actions before a justice; but undoubtedly it must be rendered during the continuance of the session of the court, and before it is at an end.” In People ex rel. Cook v. Smith (supra, p. 181) it was stated: “ Code Crim. Proc. § 721. That section requires that the court shall make and sign the certificate ‘ when a conviction is had upon a plea of guilty, or upon a trial; ’ and this language, though not to be construed to mean immediately, or upon the instant of the rendition of the judgment, undoubtedly does intend that the certificate shall be made during the session of the court, and cannot be made by the justice after the court organized for the trial of the case has ceased to exist. Equivalent language is used in section 717 in regard to the time when judgment shall be rendered, and so it was in the statute before the enactment of the Code of Criminal Procedure. 2 Rev. St. p. 714, § 19.” So, these two cases themselves indicate that judgment need not be rendered “ immediately ” or “ forthwith ” but before the court has ceased to exist. And subdivision 3 of section 702-a of the code specifically now provides that a court shall not cease to exist but that it shall “ continue ” if pending final disposition of the case the magistrate shall happen to adjourn without day.
Furthermore, besides the clear legislative enactment and intent, it is obvious that there are good and sufficient reasons that a magistrate should be permitted to reserve decision. Godfrey E. Updike, professor of law at New York University, *373 a Justice of the Peace active in the affairs of the New York State Association of Magistrates and whose comments are noted in People v. De Luigi (208 Misc. 537, supra) has written: “ In a case tried without a jury, it may be equally indispensable to justice to adjourn at the conclusion of the testimony, postponing decision and rendition of judgment, to enable the judge, among other things, to study the decisional law interpreting statutes involved in the case, or to reconsider rulings on admission or rejection of evidence. Our policy ought to be to encourage our local courts to be painstaking and careful about their work.” Furthermore, the members of a jury require sufficient time to deliberate and consider the evidence; so, too, a magistrate should not be deprived of the same aid in arriving at a proper determination.
It is held, therefore, that jurisdiction of the matter was not lost by adjourning without day. Technicalities and miscarriages of justice should be avoided where no right is transgressed. There was error here, however, in not reconvening as prescribed by the second sentence of subdivision 3 of section 702-a of the code. The notice as set forth therein is essential so that all parties will have the opportunity to pursue and protect their legal rights and remedies in regard to whatever proceedings are taken when the court reconvenes. The judgment of conviction is reversed but the defendant is not discharged. The case is remitted to the Court of Special Sessions, Town of Cochecton, conducted by Justice of the Peace Joshua Boucher, to reconvene in accordance with subdivision 3 of section 702-a of the Code of Criminal Procedure and to proceed from the point when the trial was concluded (see People v. Nesce, 201 N. Y. 111).
Submit order.