Fred Munder, J.
The respondents’ motion for a corrected return is granted and the return will be deemed corrected by the addition of the photo static copies of the original docket entries io the earlier returns filed herein.
On the present record the respondents renew their motion to dismiss the appeal by the People, contending that the lower court decided issues of fact as well as questions of law. I agree, however, with the learned Police Justice that his decision was one on law alone.
The ordinance alleged to have been violated reads: ‘ ‘ Section 1. No person shall intrude upon any lot or piece of land within the boundaries of the Village of Lloyd Harbor, without authority from the owner thereof, and no person shall erect or occupy thereon any building or other structure whatever without such authority”. (Emphasis supplied.) Necessarily then a fact to be proved was that the land alleged to have been intruded upon was that of the complainants’ employer, Sherman F. Fairchild. Mr. Fairchild’s brief as amicus curies, states that that issue of title was decided in his favor. On the proofs submitted the court’s conclusion as to title was proper. (People v. Scandore, 3 N Y 2d 681.)
But it was the opinion of the learned Police Justice that despite his finding of title in Mr. Fairchild and his taking of judicial notice of the navigable condition of the waters of Lloyd Harbor Basin, the temporary anchorage of boats constituted no crime. So far as the present three respondents were concerned his fact conclusions did not affect them. They were important only in respect to the defendant Scannella whom he found guilty of intrusion on the foreshore.
I think that is true. We must look to the legal effect of the Justice’s action rather than to the words he used. Neither his *44 statement “ that the defendants are not guilty ” (7 Misc 2d 373, 385) as used in the decision of June 26,1957, nor the docket entry “ adjudged that the defendant be found not guilty ”, should be construed to mean a decision on the merits. To do so would be to take them out of context and change the very essence of the court’s decision. The comment of the court on the motion for dismissal of the information for insufficiency of proof at the end of the People’s case supports this view. He there indicated that he was satisfied with the factual proof but was undecided as to whether a crime was charged.
I deem the use of the term “ not guilty ” in the opinion and in the docket to have been inadvertent and the decision to have been one on law alone. Thus there remained a “ stage of the action” for the appealable dismissal order as distinguished from the situation found in People v. Gehlberd (272 App. Div. 914).
In a situation analogous to ours, the Court of Appeals sustained the right of the People to appeal from an adverse law decision. (People v. Levenstein, 309 N. Y. 433.) It differs from our case only in that it dealt with a decision on a demurrer in a City Court action which is made appealable by the first subdivision of section 518 of the Code of Criminal Procedure whereas ours is affected by the third subdivision.
On the argument of this motion there arose the further question whether or not the lower court lost jurisdiction by reserving decision at the conclusion of the trial.
In the case of People v. Baranowski (208 Misc. 862), I held that a Court of Special Sessions, not being a continuing court, had no power to reserve decision after trial. In that case I cited People v. Pagano (206 Misc. 717).
About a month before my decision in the Baranowshi case, Mr. Justice George M. Fanelli, then Westchester County Judge, wrote his opinion in the ease of People v. De Luigi (208 Misc. 537) in which he stated his disagreement with the Pagano decision. He predicated his conclusion on subdivision 3 of section 702-a of the Code of Criminal Procedure. In both the Pagano case and the Baranowshi case, no reference was made to that section. Judge Fanelli’s opinion has been followed in several cases. (See People v. Jacobs, 2 Misc 2d 369 [Sullivan County] ; People v. Moroch, 7 Misc 2d 189 [Westchester County]; People v. Kovach, 7 Misc 2d 842 [Broome County].)
Reluctantly, I now come to agree that subdivision 3 of section 702-a does extend the life of the court, without proper adjournment, even after trial and until the determination of the issue. *45 My reluctance stems from my disagreement with the view that the power to reserve decision after trial is either necessary or advisable.
Yet the reasonable construction of the substitution by the Legislature of the words “ final disposition of the case ” for the words ‘ ‘ the trial ’ ’ in the 1949 amendment to subdivision 2 of section 702-a, and the use of that phrase in subdivision 3, must be that “ final disposition of the case ” means the determination of guilt. That disposes of the issues, leaving only the sentence to be imposed. Any other construction would render nugatory the second sentence of section 717 of the code, giving the court express power to adjourn for presentence investigation.* It is a rule of statutory interpretation that all parts of a statute are to be harmonized and inconsistency is to be avoided. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 98.)
There are two stages in every criminal action which in combination form the judgment. The first of these is the trial and determination of guilt and the second is the imposition of the sentence. (Penal Law, § 31; Code Crim. Pro., § 3.) Although the words “ conviction ” and 1 ‘ judgment ” are used with varying meanings in the code (People v. Fabian, 192 N. Y. 443), these two stages of a criminal action remain distinct. (Code Crim. Pro., §§ 5, 717.)
The first of these stages, the trial, including the verdict or other determination of guilt, should be promptly concluded. In my concept of criminal law this seems basic. It is implicit in the Sixth Amendment to the United States Constitution and in section 8 of the Code of Criminal Procedure. The speedy trial guarantee is intended to protect the accused, if held in jail to await trial, against prolonged imprisonment; relieve him of the anxiety and public suspicion attendant upon an untried accusation of crime. Paraphrasing Puld, J. in People v. Prosser (309 N. Y. 353, 356).
With due respect to the estimable gentlemen who advocated the change in section 702-a, it seems highly improbable to me that the Legislature intended to give carte blanche to magistrates to withhold decision in any case for as long as they desire. It seems to me that such a rule has greater evil potential and can do more harm to the administration of justice than the old rule that such courts may not reserve decision but must render it forthwith. I trust, for instance, that the defendant in the case of People v. Moroch (7 Misc 2d 189, supra) was not languish *46 ing in jail for the nine months it took the court to decide his case. Section 702-a makes no distinction between jail and bail cases. But, of course, section 702-a does allow a defendant to apply to the court to reconvene on eight days’ notice, and, of course, a defendant is presumed to know the law.
While obviously the civil rule is not applicable to criminal cases, it is there the rule that the justice must render judgment forthwith “ Where the defendant is in custody at the close of the trial ” (Justice Court Act, § 270, subd. 4). In no event, without stipulated consent, may a justice take more than 10 days to decide a civil case after it has been finally submitted to him. And here it is interesting to note the preference given to criminal actions over the civil work of the-court. (Code Crim. Pro., § 7-a.)
In the June, 1958 issue of Justice Court Topics there is an article (Powers of Local Courts to Reserve Decisions, pp. 2, 3) in which the author suggests that the rule of termination should be adhered to until a more definite declaration for its abolition is made by the Legislature. This interesting and very valuable periodical is published by one of the organizations credited with the sponsorship of section 702-a. But I presume that the philosophy underlying the change made in that section is not fully shared by all its members. It seems that in our zeal for perfection we have devised a rule that might be desirable in an unusual case, such as the present one. But in the vast majority of cases with which the lower courts deal there are no intricate legal problems and there should be no delay.
Despite my differences as to the wisdom of this law I feel constrained to rule that the lower court did not lose jurisdiction in this case and the appeal will be heard on the merits at a time and place to be fixed in the order to be entered hereon.

 Unless the words “ shall happen to adjourn without day ” were meant only to guard against mistakes of the court. (Italics supplied.)