John H. Galloway, Jr., J.
Defendant-appellant was convicted of speeding in violation of the Speed Ordinance of the Village of Tuckahoe, by the Court of Special Sessions of that village, Honorable Sidney Neilman, Acting Police Justice. The trial was held on June 15, 1960, without a jury. The learned Justice reserved decision on defendant’s motion to dismiss the information for failure to prove the violation charged, and on July 6, 1960 rendered judgment of conviction and imposed a suspended sentence. Defendant appeals, urging several grounds for reversal.
We consider appellant’s third ground first, that the judgment of conviction is void and illegal because (a) the lower court was functus oficio on July 6, 1960 when it rendered judgment; and (b) it was disqualified by law from rendering judgment on said date.
Appellant urges that the lower court lost jurisdiction when it reserved decision at the close of the trial, and was consequently functus oficio on July 6,1960 when it rendered judgment. By statute (Code Crim. Pro., § 702-a, subd. 3) and the weight of recent authority (see People v. De Luigi, 208 Misc. 537; People v. Kraemer, 14 Misc 2d 42), a Court of Special Sessions *1041 does not lose jurisdiction by adjourning without date prior to its final disposition of a matter, having reserved decision at the conclusion of the trial, and we so hold in this case. Subdivision 3 of section 702-a expressly provides: “ If, pending final disposition of the case, the magistrate shall happen to adjourn without day, the court shall nonetheless continue.” ' (Emphasis supplied.)
The other branch of appellant’s argument on this point is that by virtue of section 187 of the Village Law, the Acting Police Justice was disqualified by law from rendering judgment on July 6, 1960, because concededly the Police Justice of the Village of Tuckahoe was actually present in the village hall at the time the Acting Justice rendered the judgment of conviction, and was therefore neither absent nor unable to act in the matter.
Section 180 of the Village Law confers upon Magistrates jurisdiction to hear, try and determine charges of violations of village ordinances as follows: “ 1. A police justice, or, in case of Ms absence or inability to act, the acting police justice has exclusive jurisdiction, in the first instance.” (Emphasis supplied.)
Section 187 of the Village Law provides for the designation of an Acting Police Justice and defines his power to act as follows: “ During the absence or inability of the police justice to perform the duties of his office, the acting police justice has all the powers and is subject to all the liabilities of a police justice within the village.” (Emphasis supplied.)
It is undisputed that the Police Justice was absent from the village on June 15, 1960 when the case came on for trial, and that the Acting Police Justice had authority to try the case; also that on July 6, 1960, when the court reconvened, the duly elected Police Justice was in the village hall and opened court, and stated, in reference to this case and other cases tried in his absence by the Acting Police Justice and adjourned to that date, that ‘ ‘ sentence must and should be imposed by the judge who handled the matters to this point.” Whereupon, the Acting Police Justice found defendant guilty and imposed sentence.
The return discloses that defendant’s counsel thereupon challenged the court’s jurisdiction to render judgment and impose sentence, in view of section 187 of the Village Law above quoted, which he urged deprived the court of the power to render judgment under the circumstances; and that the learned Police Justice could not confer jurisdiction upon the Acting Police Justice by his statement made at the opening of court on that day.
*1042 The question thus raised appears to be one of first impression in this court. Research has not disclosed an authority directly in point. In People v. Vogler (6 Misc 2d 226) the defendant contended, upon appeal from a judgment of conviction of driving while intoxicated, that the Police Justice lacked jurisdiction to try the charge because he had been arraigned and had pleaded “ not guilty” before the Acting Police Justice who thereby acquired exclusive jurisdiction of the matter.
County Judge Mitndeb rejected this, holding in the following language (p. 228): “ An Acting Police Justice in a village, who in the absence or temporary disability of the Police Justice arraigns a defendant, acts as the alter ego of the Police Justice and his power to act ceases on the return or removal of the disability of the Police Justice. He is then automatically disqualified. But the Court of Special Sessions, having convened with the Acting Police Justice presiding is properly continued before the Police Justice for the trial without a County Court order under § 702-a of the Code of Criminal Procedure.”
Judge Mtjxdeb then went on in a dictum to observe (p. 228): ‘ ‘ It should here be noted that such automatic disqualification would not result after a trial has been properly opened before the Acting Police Justice. In that event the general rule would prevail that ‘ When the trial of a case is once commenced, it must proceed to the end before the same court and jury ’. (People v. McPherson, 74 Hun 336.) ”
Thus the facts in the Vogler case are distinguishable from those in the case at bar; there the defendant was merely arraigned before the Acting Police Judge, and the court in effect held that no error resulted by reason of his trial and conviction before the Police Justice, the Acting Police Justice’s power to act having ceased upon the return and presence of the Police Justice at the opening of the trial.
Here, the defendant was arraigned and tried, without a jury, by the Acting Police Justice. Upon the return of the Police Justice all that remained of the action was the court’s determination of guilt and sentence thereon. Did his return to court automatically disqualify the Acting Police Justice from rendering his determination of guilt and imposing a sentence thereon ? In our opinion it did not.
In this case, the court had reserved decision on defendant’s motion to dismiss for failure to prove a violation of the Speed Ordinance, made at the close of the trial. Only the Acting Police Justice could properly determine the issue of defendant’s guilt or innocence of the charge, he having seen and heard the People’s witnesses and the defendant himself testify. ‘ ‘ When the defend *1043 ant * * * is convicted * * * by the court * * # the court must render judgment thereon, of fine or imprisonment, or both, as the case may require ”. (Code Grim. Pro., § 717.) Before sentence or punishment can be pronounced or inflicted, there must be a legal conviction for the crime or offense charged in a court having jurisdiction. (Penal Law, § 31; People v. Rosenthal, 171 Misc. 954.)
The court said in People v. Kraemer (14 Misc 2d 42, 45): ‘ ‘ There are two stages in every criminal action Avhich in combination form the judgment. The first of these is the trial and determination of guilt and the second is the imposition of the sentence.” (Code Grim. Pro., § 5.) It is the court and not the Magistrate or Justice which renders judgment. Hence the record must show that the court was in session when judgment was rendered. (Lattimore v. People, 10 How. Prac. 336 [1854].)
In our opinion there is no compelling reason, in logic or in law, why the trial portion of the first stage of the action should be nullified because of the return of the Police Justice, who cannot ‘ ‘ determine ’ ’ guilt, having not presided at the trial.
To hold that the return of the Police Justice automatically or otherwise disqualified the Acting Police Justice from finally disposing of the case, as urged by appellant, constitutes in our opinion an unreasonably strict construction of section 187 of the Village Law productive of needless futility not intended by the Legislature in enacting that statute and subdivision 3 of section 702-a of the Code of Criminal Procedure.
In view of these considerations we think the sounder interpretation of sections 180 and 187 of the Village Law and of subdivision 3 of section 702-a of the Code of Criminal Procedure is that the Acting Police Justice, having acquired jurisdiction to arraign and try the defendant, not only had jurisdiction to adjourn his court, but did not lose jurisdiction by reason of such adjournment, pending “ final disposition of the case” which necessarily includes the determination of guilt and the imposition of sentence. (People v. Kraemer, supra, p. 45.) It follows that the court below properly rendered judgment of conviction and imposed sentence on July 6, 1960. The cases cited by appellant to the contrary are distinguishable on their facts as to the “ stage ” of the action wherein the presence of the Police Justice himself occurred (Donovan v. Poulin, 198 Misc. 895; Voegler v. Kelly, 155 N. Y. S. 2d 861).
Appellant’s next ground of reversal is that proof of his speed was insufficient as a matter of laAV. He urges that it was error for the trial court to admit “ the hearsay testimony of Lt. Bova who was present when an outside mechanic * * * checked *1044 the speedometer at his business in New Rochelle ” to establish the accuracy of the arresting officer’s patrol car speedometer. He cites People v. Marsellus (4 Misc 2d 211, revd. 2 N Y 2d 653) as authority therefor. We think that Marsellus did not so hold, but on the contrary upholds the admissibility of the testimony of the police officer in the case at bar concerning the calibration and checking out of the accuracy of the police car’s speedometer.
It is unnecessary here to decide whether the testimony as to calibration and testing was sufficient to establish the accuracy of the patrol car’s speedometer. There is here, at the least, evidence of the reading of an untested speedometer. The Court of Appeals has held that where there is testimony, as here, of the arresting police officer, who followed the defendant’s vehicle, as to such officer’s estimate of defendant’s speed and as to the reading of his patrol car’s untested speedometer, such evidence is sufficient to sustain a conviction for speeding. (People v. Heyser, 2 N Y 2d 390.)
Although appellant questions the qualification of the arresting officer to estimate defendant’s speed independently of the speedometer reading, we conclude from his testimony that he was in fact so qualified and competent to do so with reasonable accuracy, and that he had adequate opportunity to judge the rate of speed of the defendant’s car. (People v. Tanner, 6 Misc 2d 1007.)
We conclude that defendant’s excessive speed was competently and properly proved, and that the evidence thereof (the untested speedometer reading and the arresting officer’s estimate of speed) was sufficient to sustain defendant’s conviction (People v. Heyser, supra; People v. Dusing, 5 N Y 2d 126, 128).
Finally, appellant urges that as a matter of law there was insufficient proof of posting of speed signs as required by former section 54 of the Vehicle and Traffic Law. He asserts that the People failed to prove the posting of the specified signs or that the size of any such signs and of the lettering thereon complied with the statutory requirements. Among other authorities cited, he relies upon a decision of this court (Coyle, J.) in 1957, viz.: People v. Longo (9 Misc 2d 171) wherein, upon several prior decisions therein cited, the learned court held the People to the rule of strict compliance with all the requirements of section 54 of the Vehicle and Traffic Law on posting of speed signs to support a conviction under a village speed ordinance.
In Longo the learned court found satisfactory proof of the erection of a single speed-limit sign and of the size of the sign, its location and height, all in compliance with the statute. But *1045 there was no evidence as to the size of the lettering on the sign and no proof as to the existence of a terminal sign as required by the statute. The lack of proof on these items was deemed a fatal defect in proof requiring reversal of the conviction below.
While the rule of strict compliance applied in the Longo case was followed for some time by lower courts, it now appears from subsequent decisions that that rule has yielded to one of substantial compliance. (People v. Zambito, 21 Misc 2d 815, 817; People v. Burmann, 307 N. Y. 871; People v. Lathrop, 3 N Y 2d 551.)
In People v. Lathrop (supra) the Court of Appeals, in sustaining a conviction for violation of a village speed ordinance, held that the evidence was sufficient to establish that section 54 of the Vehicle and Traffic Law “ was substantially complied loith by the placement of speed signs in such a manner and at such locations as to afford this defendant fair notice of the limits of speed within the village ”. (Emphasis supplied.) The court also held that “ Proof of the presence or absence of exit speed signs would have no bearing on defendant’s conviction for the speeding violation which was committed within the village limits ”.
Upon the trial below, the Village Police Chief testified that he was familiar with the main streets on the date of the alleged speeding violation; that there were speed signs reading “ Village of Tuckahoe, Speed Limit 25 miles per hour” at all main thoroughfares entering and leaving the Village of Tuckahoe; that ‘ ‘ the signs are about 40 x 60 approximately, with a white background and letters in black, illuminated ’ ’ and the letters were “ about 8 to 12 inches ”; that the distance from the ground to the bottom of the signs was about 4% to 5 feet, and to the top about 8 feet; and finally that comparable speed signs of all surrounding jurisdictions were posted on the principal arteries leading out of the village, and no terminal signs at or in the village.
In our judgment there is ample evidence in this record to establish that the statute’s requirements as to the posting of speed signs, their location and placement, lettering and illumination were substantially complied with, and that this defendant was afforded fair notice of the speed limit of the Village of Tuckahoe.
We conclude that the proof of defendant’s speed in excess of the village speed limit was sufficient to prove his guilt beyond a reasonable doubt; that the proofs with respect to the posting of speed signs were sufficient to establish substantial compliance with the statutory requirements; that the court below, as pre *1046 sided over by the Acting Police Justice and under the circumstances here prevailing, had jurisdiction to render judgment of conviction and to impose sentence thereon; and that the record herein sustains such conviction. The judgment of conviction is affirmed.