■ In the Matter of John Zupancic, Jr., Appellant, v. Millard J. Hoagland, Individually and as Justice of the Peace of the Town of Dryden, Respondent.— Gibson, P. J. Appeal from a judgment of the Supreme Court dismissing the petition in a proceeding brought pursuant to article 78 of the CPLR to prohibit a Town Justice, referred to in the papers as a Justice of the Peace of the Town of Dryden, from continuing to exercise jurisdiction in a criminal action pending against petitioner upon a charge of operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 1192, subd. 2). It seems to be conceded that initially and until January 4, 1968, jurisdiction existed and continued by reason of the issuance to petitioner of a uniform traffic summons and complaint, sometimes referred to as a uniform traffic ticket (Vehicle and Traffic Law, § 207; 15 NYCRR 91.7), and his personal appearance pursuant thereto or to an arrest, the petition alleging both. Following adjournments granted at petitioner's request, the case was set down for trial by jury on January 4, 1968, the record before us not indicating the hour. In the early afternoon of that day, the Assistant District Attorney in charge of the case applied to the Justice of the Peace, in the absence of petitioner and his attorney, for an adjournment, on the ground of a death in his wife's family which required him to go away, petitioner's counsel having earlier in the day declined to agree to an adjournment. The Justice of the Peace granted the adjournment but at 6:45 P.M. on the same day petitioner and his attorney appeared and moved to dismiss the charge (1) for failure to prosecute and (2) for loss of jurisdiction, petitioner's brief asserting, first, that: " The

Justice of the Peace was divested of jurisdiction; he had no lawful power to defeat the petitioner's right to trial as scheduled on January 4, 1968; [and] had no power to arbitrarily adjourn the trial without notice to and without the consent of the petitioner"; and, second, that: "The lack of an information setting forth the facts allegedly constituting the violation resulted in a lack of jurisdicion on the part of the Justice of the Peace." We perceive nothing in the circumstances of the granting of the People's application for an adjournment which would divest the Court of Special Sessions of jurisdiction. (*Matter of Hogg v. Parker*, 20 A D 2d 611, affd. 14 N Y 2d 728; *Matter of Woolever v. Beckley*, 25 A D 2d 921; and see Code Crim. Pro., § 702-a, subd. 3, and discussion thereof in *People v. De Luigi*, 208 Misc. 537, Fanelli, J.) Petitioner's second objection to jurisdiction — the absence of an information — seems to us to have been improperly, or, at the very least, prematurely interposed in this proceeding in the nature of prohibition. It is abundantly clear, of course, that a uniform traffic summons and complaint does not fulfill the function of an information and that the conviction of a defendant other than upon a verified information gives rise to a jurisdictional defect; one, indeed, that cannot be waived by a guilty plea, and is thus a nullity. (*People v. Scott*, 3 N Y 2d 148.) However, an information of this kind is not used as a basis of jurisdiction, which in this case was properly obtained without regard to an information, and is not essential to jurisdiction in the pretrial stage. (See, e.g., 1967 Atty. Gen. [Inf.] 93.) It does become a necessary prerequisite to the trial, as a pleading, and to a plea of guilty as a definitive predicate for plea and conviction and, perhaps, for purposes of identification, then and thereafter. We find nothing in *Scott (supra)* to indicate that a jurisdictional defect arises earlier. Finally, and in any event, the jurisdictional objections urged in this proceeding, and additionally, of course, the denial of the motion to dismiss for lack of jurisdiction, can and should be raised on appeal; and here there has been no showing of such "extraordinary circumstances" or of such "irreparable harm" as to warrant resort to the drastic remedy of prohibition, ample protection being afforded petitioner by his right of appeal from any judgment of conviction which may hereafter be rendered against him. (*Matter of Clouse*, 121 N. Y. S. 2d 136, BRENNAN, J.; *Matter of Kenler v. Murtagh*, 12 A D 2d 662.) Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.