Jones, J.
We hold that because the verdict in this case, tried in Town Court before a Justice sitting without a jury, was not rendered until 58 days after the close of the trial, the adjudication as a youthful offender must be reversed.
Defendant was charged with assault in the third degree and after trial was found guilty, sentenced as a youthful offender and given a conditional discharge. He now contends that because the Town Justice before whom he was tried, at the close of the case, reserved decision and adjourned the case, sine die, the jurisdiction of the court was thereon terminated. If this were so the subsequent verdict of guilty, the adjudica *453 tion as a youthful offender and the associated sentence would be nullities. On appeal County Court rejected defendant’s contentions and the case is now before us on leave granted by one of the Judges of our court.
Although it is not entirely free from doubt, we are satisfied on the basis of the record before us that, as County Court assumed, due and timely protest was registered to the failure of the trial court at the close of the trial to render a verdict then or to adjourn the case to a day certain. Proceeding on this assumption we address the contentions advanced by defendant.
We reject the three challenges raised to the continuing jurisdiction of the court. In the first place, the mandate of section 1304 of the Uniform Justice Court Act (UJCA)—that in nonjury trials judgment must be rendered within 30 days from the time the case is submitted unless further time is given by consent of the parties—applies to civil, not criminal, cases. Second, defendant would attach controlling significance to the failure of the Legislature to carry forward into the Criminal Procedure Law the express provision of subdivision 3 of section 702-a of the Code of Criminal Procedure. That section, providing in part, "If, pending final disposition of the case, the magistrate shall happen to adjourn without day, the court shall nonetheless continue”, had been added to the code in 1953 to offset judicial decisions which had held that if a Court of Special Sessions failed to declare a specific adjournment it lost jurisdiction and its authority to render a verdict. (Cf. People v Jacobs, 2 Misc 2d 369.) Nothing suggests that with the adoption of the Criminal Procedure Law the Legislature intended to re-establish the pre-subdivision 3 of section 702-a jurisdiction limitation. Indeed the revised format of the Criminal Procedure Law with its co-ordinated provisions with respect to all lower criminal courts (of which the Town Court is one [CPL 10.10, subd 3, par (d)]) "establishes for each town a genuine and continuing 'town court’ ”. (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 10.10, p 37; cf. UJCA, § 212; Fifth Interim Report of State of New York Temporary Commission on Revision of the Penal Code, Feb. 1, 1966, p 17.)
Defendant’s third jurisdictional assault is based on CPL 350.10 (subd 3, par [d]). Following on the heels of prescriptions as to the procedure to be followed in the conduct of a nonjury trial (as to which the Code of Criminal Procedure and other *454 general statutes had been silent), paragraph (d) now provides: "The court must then consider the case and render a verdict.” We do not find in this nonexplicit provision a predicate for terminating the jurisdiction of the Town Court on the failure of the Town Justice to render a verdict immediately at the close of trial or within any specified time subsequent thereto.
Although we conclude, then, that there was no lack of jurisdiction or authority to render a later verdict, our inquiry does not end there. While CPL 350.10 (subd 3, par [d]) may not in our view be held to work an exhaustion of jurisdiction, it does lay down a statutory mandate as to the rendering of verdicts in nonjury trials. Not unlike a jury which is expected to return its verdict within a reasonable time under CPL article 310 (the provisions of which article are made applicable to local criminal courts, CPL 360.55), so it is under CPL 350.10 (subd 3, par [d]) with the Justice in a nonjury trial. His verdict, too, must be rendered within a reasonable time. What will be "reasonable” must, of course, turn largely on the circumstances of the individual case. There will come a point, however, beyond which delay becomes unreasonable as a matter of law.
In the present submission to us we find no sufficient explanation or warrant for the long delay from the close of the four-hour trial during the evening of October 2, 1973 to the following November 29 when the verdict of guilty was rendered. Defendant consented to no delay. No theory of justification is advanced by the People. The underlying event involved no more than a brief though apparently vigorous fight between two high school students in the corridor of the school building in which neither participant was. seriously injured. No complicated issues of fact were presented; no evidentiary questions remained to be resolved; there were no contested propositions of law; no posttrial submissions were sought or offered. Indeed the Town Justice dispensed with summations. It is true that the Trial Justice did direct that the transcript be forwarded to him within 30 days, but there is no showing why it was necessary or desirable to have recourse to any transcript, why the 150-page transcript, if desired, could not have been prepared well short of the full 30 days, or why yet another 30 days were thereafter required to reach a verdict. The Town Justice is not required or expected to write a decision or to make findings of fact or conclusions of law. He is required merely to render a verdict of "guilty” or "not guilty”.
*455 As former Mr. Justice Fred J. Munder wrote in People v Kraemer (14 Misc 2d 42, 45) with respect to former section 702-a, "it seems highly improbable to me that the Legislature intended to give carte blanche to magistrates to withhold decision in any case for as long as they desire. It seems to me that such a rule has greater evil potential and can do more harm to the administration of justice than the old rule that such courts may not reserve decision but must render it forthwith.” Although we base our decision in this case on statutory rather than constitutional grounds, we note that the salutary considerations which undergird a defendant’s right to speedy trial extend in part to his right to a prompt verdict while recollection of the evidence is fresh, and argue strongly against dangling delay.
It is our conclusion then, as a matter of law, that the delay of 58 days was unreasonable in this case. (Cf. People v O’Brien, 86 Misc 2d 139 [conviction of disorderly conduct in Village Court set aside where verdict by Village Justice was returned 35 days after the conclusion of the trial].)
Accordingly, the order of the County Court should be reversed, the youthful offender adjudication vacated and the information dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order reversed, etc.