THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK E. SANSALONE, Appellant.

County Court, Westchester County, August 29, 1955.

*James J. O'Donnell* for appellant.

*Joseph Gagliardi, District Attorney* (*John Connick* of counsel), for respondent.

FANELLI, J. Appeal from a judgment of the Court of Special Sessions of the Village of Irvington, rendered on June 15, 1955, upon the verdict of a jury convicting defendant of the crime of driving while intoxicated. (Vehicle and Traffic Law, § 70, subd. 5.)

Defendant's sole claim of error on this appeal is in the trial court's admission into evidence, over his objection, of the report and testimony of the chemist showing the alcoholic content of a purported specimen of blood taken from him. He contends that the specimen of blood upon which the analysis was made was not properly identified; that it was not in the continuous and exclusive custody of the police and that there was no evidence that the specimen was in the same condition as when extracted from him.

No stenographic notes were made of the testimony given at the trial, hence this review must be upon the notes made by the Justice as disclosed in his return.

The proof introduced before the jury showed that Dr. Foster extracted a blood specimen from defendant and thereafter delivered it to sergeant Foley; that sergeant Foley received the specimen, and at midnight, delivered it to officer Buckhout who took it home and placed it in his refrigerator; that four or five persons had access to the refrigerator; that the next morning, officer Buckhout said he was informed by his mother that a member of the Irvington police force had come to his home and that she took the blood specimen from the refrigerator and delivered it to said officer; that it was officer Tewey who received the specimen from officer Buckhout's mother and delivered it to the chemist at Grassland's Hospital; that the analysis by the chemist showed the specimen to contain 0.23% alcohol by weight.

Officer Buckhout's mother did not testify at the trial. There is no evidence in the record to show what condition the specimen was in when she delivered it to officer Tewey, nor did he testify

what condition it was in. There is no showing that the specimen that officer Buckhout took home was the same specimen delivered to officer Tewey. There is missing here a necessary link in the chain of identification.

Identity and unchanged condition must be first established before a specimen can be allowed in evidence and hence it was improper in this case to receive the chemist's testimony or his report in evidence. Where the sole basis, as in this case, for a conviction of driving while intoxicated is the alcoholic content of a blood specimen, it is essential to show the chain of possession of the blood sample and the unchanged condition of the container from the time it is taken from a defendant until it is delivered to the chemist. This in my judgment was lacking in this case.

Blood specimens to be used as evidence in trials such as this should be handled with the greatest of care and all persons who handle the specimen should be ready to identify it and testify to its custody and unchanged condition.

In *Novak* v. *District of Columbia* (160 F. 2d 588, 589) the U. S. Court of Appeals for the District of Columbia reversed a conviction of driving a motor vehicle while under the influence of intoxicating liquor, saying: "It is our holding that the laboratory records and the chemist's testimony respecting the analysis were not properly admissible in evidence because the District of Columbia failed sufficiently to identify the sample from which the analyses were made as being that sample taken from appellant. The police officer who secured the sample was present in court and testified to the manner in which he labeled the flask containing appellant's urine and how he placed his initials on the label. The chemist, when he testified, had beside him the bottle of urine on which he made an analysis. But no effort was made to hand to the police officer, who was present in court, the bottle the chemist had used to see if he could identify it as the bottle he had labeled and initialed. There is missing a necessary link in the chain of identification."

The judgment of conviction is therefore reversed on the law and the facts, the fine remitted and a new trial is ordered. Submit order on notice.