Fred J. Munder, J.
The defendant was charged by five separate informations, with speeding, operating a motor vehicle without proper lights, operating without a driver’s license, operating without proper registration and resisting arrest. He was arraigned on these charges on May 9,1955. On May 31, 1955 new informations were substituted for those filed on May 9, 1955. The new informations charged speeding, operating a motorcycle without lights, operating a motorcycle while his operator’s license was suspended and/or revoked, operating a motorcycle while his certificate of registration was suspended or revoked and assault in the third degree. The defendant was found guilty on all charges, was separately sentenced on each, and from the judgments of conviction he appeals.
The judgments of conviction must be reversed for the reason that the Magistrate conducted the trial of all of these charges jointly, although three of the charges were being tried before *508 a jury and two before the Magistrate without a jury. In a statement to the jury the Magistrate said: “ Two of these charges # * * excessive speed * * * and operating without sufficient lights * * * are charges that the defendant by law is not entitled to a trial by jury. The proof of the three charges which you will hear necessarily will all go in together. You will hear proof of the speeding as well as the no lights, but those bits of evidence are not for your consideration; they are for my consideration alone because by statute, they being traffic infractions, the defendant is not permitted to a trial by jury.”
While informations may be consolidated for the purpose of trial, as provided in section 279 of the Code of Criminal Procedure, and perhaps the oral direction of the magistrate may suffice as the order for their consolidation provided he notes such order in his docket, I have been unable to find any case and none has been referred to me, which authorizes the consolidated informations to be tried before two distinct and different tribunals at the same time. Among reasons why I believe such procedure is improper is the very thing alluded to by the Magistrate, i.e., that before each tribunal would be brought evidence that defendant committed crimes other than those for which he is being tried by that tribunal. (Richardson on Evidence [7th ed.], § 146, p. 120; People v. Rosenthal, 289 N. Y. 482.) I am of the opinion that this trial was a nullity.
Because new trials are to be directed it may not be amiss to note some errors on the prior trial that should be avoided. Some of these errors were undoubtedly the result of the tactics of defense counsel to delay the trial and confuse the issues. Whatever the reasons, it was improper for the court to address the jury as it did from time to time in explanation of its action or in condemnation of the attorney. An atmosphere of bias toward defense counsel was created by the court’s gratuitous observation at the opening of the session that what the attorney had said at a prior hearing had not been true and had been a gross misrepresentation. That, followed by the remark that the request of the defendant’s counsel for an adjournment was grossly unfair to the court and grossly unfair to the prospective jurors, emphasized the bias and prejudiced the defendant. If counsel was contemptuous the court should have dealt with him after the trial.
Further emphasis was laid on the aspect of bias when the court repeatedly refused to produce the prior informations for defense counsel’s use on cross examination. The right to confront a witness with any prior statement made by him has *509 long existed in the law of evidence. (Richardson on Evidence [7th ed.], § 579.) So strong is the reason for that right that it was extended by statute to permit the impeachment of one’s own witness by inconsistent written statements subscribed or sworn to by him. (Code Crim. Pro., § 8-a; Civ. Prac. Act, § 343-a.) This error was not cured by the court’s belated production of the prior informations. The harm already done was magnified by the court’s statement to the jury.
Though the evidence adduced strongly points toward the guilt of this defendant, every defendant, whatever his crime, has the right to a fair and impartial trial and when this has not been accorded him the result must be set aside. (People v. Easton, 307 N. Y. 336.)
The judgments of conviction are reversed and a new trial of each ordered in the Magistrate’s Court before Honorable Mercator C. Kendrick.