James D. Hurley, J.
This is an appeal from a conviction of the defendant of driving while intoxicated in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. The defendant was convicted on the 13th day of April, 1957 after a jury trial in the Court of Special Sessions, Town of Williamson, New York.
The grounds of appeal are as follows:
(1) That the information was defective and improperly stated the crime.
(2) That proof of custody of the blood sample produced at the trial was not conclusive beyond a reasonable doubt.
(3) That the blood test was not an approved scientific test.
(4) That proof of the accuracy of the testing instrument was defective.
(5) That proof was insufficient to establish the offense beyond a reasonable doubt.
The information, properly alleging the crime and the acts constituting the crime, was sufficient. The fact that the infer- *992 motion was verbose in stating that the defendant was intoxicated to an extent that his ability to drive was lessened and his judgment impaired thereby, does not vitiate the information.
The People produced ample proof as to the custody of the blood sample produced at the trial. There was no missing link as in the case of People v. Sansalone (208 Misc. 491). The fact that one person other than the laboratory technician had a key to the place in which the sample was locked is insufficient to raise a reasonable doubt as to the custody of the blood.
As to the contentions that the blood test was not an approved scientific test and that proof of accuracy of the testing instrument was defective, the court feels that the proof in these respects was adequate. These objections were raised at the trial and argued before the jury. Since the evidence as to the blood test and as to the accuracy of the testing instrument was properly admitted in evidence, the weight to be given such evidence was properly a jury question.
As to the contention that the proof was insufficient to establish the offense charged beyond reasonable doubt, especially as regards the intoxication of the defendant, there was testimony other than the blood test tending to prove intoxication. While there was a conflict in the testimony given by the People’s witnesses and the defendant and his witnesses, such testimony was sufficient to raise a question of fact for the jury. This court cannot say that the jury was not justified in finding the defendant guilty beyond a reasonable doubt.
The conviction must be affirmed.
Submit order accordingly.