Archibald C. Wemple, J.
It appears that the defendant herein was involved in a minor collision with a car operated by one Henry Levine, on the Troy Road, at or near the intersection of Vrooman Avenue. The Niskayuna police were called and a blood test of the defendant taken with his consent. On the trial, the chemist from the New York State Criminal Laboratory testified that the alcoholic content of the defendant’s blood was 0.16% by weight. The blood test was made after the blood had been kept in a container in the police officer’s home overnight.
The police officers testified that the defendant staggered, his speech was slightly incoherent and that there was an odor of alcohol on his breath. On the other hand, he was very co-operative and submitted to the blood test without objection.
*287 Subdivision 5 of section 70 of the Vehicle and Traffic Law provides, in paragraph c, as follows: ‘ ‘ Evidence that there was, at the time, fifteen-hundredths of one per centum, or more, by weight of alcohol in his blood, may be admitted as prima facie evidence that the defendant was in an intoxicated condition.” (Italics supplied.)
It was shown that the defendant had operated his car safely through congested traffic before the accident. It was shown that he had an arthritic condition which may have accounted for his unsteady walk, that he chewed tobacco and presented a somewhat unkempt appearance. These facts and factors explain to some extent the demeanor and action of the defendant at the time of his apprehension. In fact, they tend to diminish the ‘ ‘ prima facie ’ ’ value and effect of the evidence established by ■the blood test. Proof of guilt must be beyond a reasonable doubt.
Since the blood test showed a content so close to the minimal of the range above stated, the benefit of the doubt is accorded the defendant herein.
Judgment of conviction reversed, fine remitted and record of conviction expunged from the operator’s license of the defendant. Submit order accordingly.