Johh H. Dewell, J.
The defendant, after a trial in a Court of Special Sessions in the Village of Whitehall, before the Police Justice, without a jury, on February 21, 1961, was convicted of the traffic infraction of driving while his ability to operate was impaired, in violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law. The defendant was fined $50 which was paid. From the judgment of conviction, the defendant now appeals and contends that the People failed to prove that the chemical test was made pursuant to the statute; that the chain of identification of the sample was not established as required by the authorities and that the information was insufficient and defective.
The defendant immediately following his arrest was taken by an arresting officer to a doctor for a blood test. The doctor was handed a container by the arresting officer and testified that he withdrew some blood from the defendant’s arm and squirted it in the tube which was in the container. The tube was then placed in the container and handed by the doctor to the officer by whom it was retained until mailed by him the same day to the New York State Police Scientific Laboratory at Albany, New York. Analysis by the chemist showed the specimen to contain ten-hundredths of one per cent alcohol by weight. The doctor did not inscribe nor seal the container and it does not *321 appear from testimony that the specimen remained in an unchanged condition until its delivery to the laboratory.
Subdivision 1 of section 1192 of the Vehicle and Traffic Law provides: ‘ ‘ Whoever operates a motor vehicle or motorcycle while his ability to operate such motor vehicle or motorcycle is impaired by the consumption of alcohol shall be guilty of a traffic infraction. No conviction shall be had under this subdivision after entry of a plea of not guilty unless it is shown by means of a chemical test administered under section eleven hundred ninety-four that there was, within two hours of the defendant’s arrest, ten-hundredths of one per centum or more by weight of alcohol in his blood.”
Subdivision 1 of section 1194 of the Vehicle and Traffic Law provides ‘‘ Any person who operates a motor vehicle or motorcycle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic content of his blood provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving in an intoxicated condition or, while his ability to operate such motor vehicle or motorcycle was impaired by the consumption of alcohol, and in accordance with the rules and regulations established by the police force of which he is a member.”
This section does not set up the standards by which the blood test shall be made. It merely states that such test shall be administered “ in accordance with the rules and regulations established by the police force of which he is a member ”. If a conviction is to be had under these sections of the law, it is not only necessary to establish the standards for the test but to further establish they have been complied with and that they satisfy recognized scientific and medical standards.
Since the statute in this case has not been complied with, it renders the result of the blood test inadmissible as a matter of law (People v. Maxwell, 18 Misc 2d 1004).
The argument raised by the appellant that the chain of identification was not established is equally compelling and identity and unchanged condition must be first established before the specimen may be allowed in evidence (People v. Lesinski, 10 Misc 2d 254).
The information alleging the violation and the acts constituting the infraction was insufficient. The statute requires reasonable grounds to believe that the defendant is driving while his ability to operate is impaired by the consumption of alcohol, *322 and is not satisfied by a mere statement of an officer in the information that “ to the best of my ability and Officer Gene Terry, we believe that the said defendant was driving said automobile while his ability to drive such automobile was impaired.”
The judgment of conviction is reversed, the information dismissed and the fine remitted.