Thomas M. Stark, J.
Defendant appeals from a judgment of conviction rendered by the Honorable Elmer J. Butcher, sitting as the Court of Special Sessions of the Town of South *6 ampton on December 18, 1962, after a jury trial. Defendant was convicted of the crime of operating a motor vehicle while in an intoxicated condition in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law of the State of New York.
Over the objection of the defendant a certain vial was received into evidence as People’s Exhibit 1. There was testimony to the effect that this vial contained the blood which had been tested by the State Police Laboratory in Albany for alcohol content. The blood was withdrawn by a-doctor in Bridgehampton, kept by a State trooper in the refrigerator of his home overnight and mailed the next day to the State Police Laboratory in Albany. There was no evidence to establish that the blood received in Albany was the same blood which was withdrawn nor was there any testimony to indicate that the condition of the blood was unchanged between the time it was withdrawn and the time it was tested. (People v. Pfendler, 29 Misc 2d 339; People v. Goedkoop, 26 Misc 2d 785.)
In charging the jury, the trial court stated that the presumption as to percentages of alcohol in the blood set forth in subdivision 3 of section 1192 of the Vehicle and Traffic Law were “ conclusive ”. These, of course, are mere presumptions and are not conclusive. (People v. Hellwig, 22 Misc 2d 286.) The conviction must therefore be reversed on the law and the facts.
Judgment of- conviction reversed, fine remitted.