William J. Gregg, J.
This is a proceeding brought by the defendant in the nature of a writ of error coram nobis, for an order of this court to vacate and set aside the judgment of conviction rendered against him on his plea of guilty on the 7th day of June, 1965 in this court to the charge of operating a motor vehicle while in an intoxicated condition, a misdemeanor, in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law of the State of New York, and to remit the fine imposed in the sum of $100, and to restore the operating *1078 privileges of this defendant in the State of New York, he being a resident of the State of Pennsylvania, and to hold a hearing of any issues that may be raised by the allegations contained in this proceeding.
Defendant alleges in his petition among other things that he was deprived of his constitutional rights by the court in two instances, to wit : first, that upon his arraignment he was not advised as to the availability of assigned counsel to him; and second, that he, prior to his plea or conviction and at the time of his arrest having submitted himself to a blood test, and subsequent to his conviction having made a request to the prosecution that the results of such tests be made available to him, and that the said request to the prosecution having not been granted, that as a result thereof he was deprived of his constitutional rights.
Defendant’s contention as to the deprivation of his constitutional rights as to his right to assigned counsel is based entirely upon the case of People v. Witenski (15 N Y 2d 392), which has recently been decided by the Court of Appeals, and in which case the Court of Appeals has said in substance that not only must a Magistrate in a Court of Special Sessions comply with the provisions of section 699 of the Code of Criminal Procedure, but in addition thereto he must also comply with the provisions of section 308 of the Code of Criminal Procedure which state in substance that a defendant appearing before a Magistrate upon an indictment without counsel shall be asked if he desires the aid of counsel, and, if he so requests assigned counsel, it must be given to him.
In the instant case the defendant appeared before this court, and this court is of the opinion that the defendant was fully and completely advised of his rights pursuant to section 699 of the Code of Criminal Procedure having to do with his right to obtain counsel of his own choosing and relative thereto the defendant said that he did not wish to obtain such counsel. Following such advice the court then said to the defendant ‘ ‘ Do you wish the assistance of counsel? ”, to which the defendant answered “ No Defendant now contends that the words used by the court asking the defendant whether or not he wished the assistance of counsel were not in conformity with the principle laid down in the aforesaid People v. Witenski case in that it was not made to the defendant in clear and unequivocal language that if he desired the assignment of counsel the court would assign counsel to him.
It is the opinion of this court that the Witenski case now makes it mandatory upon the courts, especially those of Special *1079 Sessions to advise the defendant in the following language: “ If you do not have sufficient funds with which to retain counsel of your own choosing, or for any other reason you are unable to obtain counsel of your own choosing, and if you so request same, this court will assign counsel to you, which counsel shall act as your attorney without fee.” The result of the Witenski case makes it plain that the courts of this State can no longer make any conclusion as to the intelligence of a defendant standing before it and such courts must assume that the defendant is not of average intelligence in order to understand such words as were used in the case now before the bar, to wit: “ Do you wish the assistance of counsel? ” In fact, it is even questionable whether or not the court should even use the word “ assigned ” because somebody would misunderstand what that word would mean. It is, in effect, holding that every defendant of this State is like a minor in Family Court, a ward of the court, and the courts must do everything possible to protect the rights of the defendant relative to the assignment of counsel. In the instant case the defendant before this court was a man of 47 years whom the court assumed to be of average intelligence, whereas in the Witenski case the defendants therein were all teen-agers under the age of 21 years, and under such circumstances the court there could very easily determine that they would not readily understand the nature of and the importance of counsel by reason of their early years of life. In the instant case this court felt that this defendant should have been of such intelligence that he would understand that when the court having advised him as to his right to an adjournment to obtain counsel and the defendant having said that he did not wish to have such an adjournment to obtain counsel and the court having then asked him if he wished the assistance of counsel that obviously such assistance would be by someone other than his own choosing and one to be appointed by the court. This court is of the opinion that the decision in People v. Witenski will create a play upon the courts and attorneys, particularly in cases involving offenses, for the assistance of counsel under the guise that the parties are financially unable to obtain counsel for the reason that the Courts of Special Sessions are not equipped to make a determination as to whether or not a defendant is so indigent that he should be given the aid of assigned counsel, and that in many instances defendants who are capable of obtaining attorneys of their own choosing will resort to assistance of counsel assigned by the court by reason thereof. There should be some norm by which the Courts of Special Sessions can *1080 readily determine when a person is unable financially to obtain counsel of his own choice. It is to be noted in the instant case that the defendant before this court was regularly employed in the City of Port Jervis at the time of his arrest and conviction and might well have been able to obtain counsel of his own choosing if he so desired to retain same.
As to the defendant’s contention that he was deprived of a constitutional right with respect to the availability of the results of a blood test to which he submitted at the time of his arrest, it is to be noted in the provisions of subdivision 2 of section 1194 of the Vehicle and Traffic Law that once a defendant having submitted to a blood test, and he has requested the results of such blood test to be made available to him, such results must be then made available to him when the results are obtained. In the instant case this defendant after having submitted to the blood test and before the blood test could possibly have been obtained from a laboratory, pleaded guilty to the charge. In People v. Mason (307 N. Y. 570), a defendant having pleaded guilty to a charge, no further evidence is required to be produced by the prosecution nor is any further evidence material to the issue by reason of the defendant’s pleading guilty to the charge and his admissions thereby to the allegations contained in the complaint. In view of the fact that the aforesaid section of the Vehicle and Traffic Law provides that the defendant, upon his request, shall have made available to him the results of such test and does not set any limitation of time whatsoever when such request shall be made, and in view of the fact that the results of such blood tests can either be prima facie evidence of the commission of the crime or can negate the commission of the crime, this court is of the opinion that, since the Legislature has not seen fit to establish such time limitation within which such request shall be made, and the Vehicle and Traffic Law being a statute penal in nature which must be construed strictly as to the prosecution and liberally in favor of the defendant, a defendant may make such request at any time he desires to, whether it be prior to his plea or subsequent to his plea, and he is entitled to have the results of such blood test given to him. In the instant case the court has been advised that by reason of defendant’s plea of guilty, no test was made of defendant’s blood, and thus, upon his request, the results of the blood test taken from him at the time of his arrest in this case were unavailable to him.
This court is of the opinion that by reason of the court’s failure to more clearly advise defendant of his right to assigned counsel in the light of the recent Court of Appeals decision, *1081 and by reason of the fact that the results of defendant’s blood test were not ascertained and made available to him, the conviction of the defendant is hereby set aside and the complaint dismissed, and that the fine of $100 be returned to defendant and that his driving privileges in the State of New York be and they hereby are reinstated.