Rockwell D. Colaneri, J.
The defendant makes two motions, one to receive the results of the blood chemical test administered to him on February 24,1970 and to allow the defendant to have his blood specimen examined by a physician of his own choosing. The second branch of the motion seeks an order suppressing the use in evidence of the blood sample.
With respect to the motion to suppress, the matter is set down for a hearing on November 27,1970.
With respect to the first motion, defendant was arrested pursuant to a charge of driving while intoxicated on the 23d day *685 of February, 1970, at 11:30 p.m. Some time after his arrest, defendant submitted to a blood test. At the present time, defendant has moved for an order allowing the defendant to have the blood specimen examined by a physician of his own choosing.
Subdivision 4 of section 1194 of the Vehicle and Traffic Law states that: “ The person tested shall be permitted to have a physician of his own choosing administer a chemical test in addition to the one administered at the direction of the police officer. ’ ’
It is unquestioned that a person arrested on a charge of driving while intoxicated has a right upon his request to have a separate blood sample withdrawn by a physician of his own choosing. Whether a defendant has a right to have the blood sample withdrawn at the request of a police officer reanalyzed by a physician of his own choosing presents an entirely different situation. The blood sample being discussed here was withdrawn over eight months ago. What effect this would have upon the blood is not clear to this court. It might very well be that the same results cannot be obtained at this point. It may be that the alcoholic content in the blood dissipates by freezing or by other methods of storage.
This court has been informed by the police laboratory that, after blood samples are analyzed, they are stored on shelves at the laboratory. There are no special precautions taken to preserve the alcoholic content of the specimen except that a chemical known as sodium fluoride is injected into the sample which might preserve the alcohol for short periods. After that time the chemical and the ordinary bacterial action will cause a dissipation of the alcoholic content in the blood. Therefore, it would appear that a true reading can only be obtained within a short time after the blood is withdrawn. Thus, even if this motion were to be granted, before any evidence could be admitted on the reanalysis, defendant would have to show an unchanged condition of the blood sample. Where the basis for a conviction of driving while intoxicated is the alcoholic content of a blood specimen, it is essential to show the chain of possession of the blood sample and the unchanged condition of the container from the time it is taken from a defendant until it is delivered to the chemist. (People v. Pfendler, 29 Misc 2d 339.) Blood specimens to be used as evidence in trials should be handled with the greatest of care and all persons who handle the specimen should be ready to identify it and testify to its custody and unchanged condition (People v. Sansalone, 208 Misc. 491). The same requirements which are placed upon the *686 People when such evidence is sought to be used, should inure to the defense when a reanalysis is sought to be introduced.
There is no question that a defendant upon request is entitled to the results of a chemical blood test. (Vehicle and Traffic Law, § 1192, subd. 2; § 1194, subd. 2.) It is also true that a defendant may upon request have his own physician withdraw blood within two hours of his arrest. In regard to results of a blood test, the Vehicle and Traffic Law does not set any limitation of time whatsoever as to when such request shall be made, and in view of the fact that the results of such blood tests can either be prima facie evidence of the commission of the crime or can negate the commission of the crime and since the Legislature has not seen fit to establish such time limitation within which such request shall be made, a defendant may make such request at any tipie he desires to, and he is entitled to have the results of such blood test given to him. (People v. Burton, 47 Misc 2d 1077.)
If a conviction is to be had under a chemical test, it is not only necessary to establish the standards for the test but to further establish they have been complied with and that they satisfy recognized scientific and medical standards. (People v. McFarren, 28 Misc 2d 320.)
The results of a test of a blood sample taken from a motorist are inadmissible when the test is not shown to have been conducted under necessary scientific and medical standards to show proper identification of the sample. (People v. McFarren, supra.) Here it seems that only the results of the test administered under supervision of the Police Department should be admissible, for this is the only one that was performed under proper scientific standards. Defendant had a right to have another sample withdrawn by a physician of his own choosing, but he did not make such a request. Defendant also has a right to have the results of the original test. However, notwithstanding these principles, the court feels that defendant should be allowed to have a physician examine the original specimen and test it, at the police laboratory, and under the supervision of a representative of the Police Department. The use of the results of that'separate test at trial will be dependent upon medical and scientific proof by the defendant that the alcoholic content in the blood has not been dissipated by time, storage, temperature, and other circumstances and that the condition remained unchanged during the interval between the time of the withdrawal of the blood and the reanalysis. (People v. Goedkoop, 26 Misc 2d 785.)
*687 The first motion is granted with respect to having the results of the chemical blood test, and the District Attorney is directed to submit the results of the chemical test to defendant’s attorney within 10 days of the service of a copy of the order to be entered herein on the District Attorney.
With respect to examining the actual blood sample presently in the possession of the police laboratory, the motion will be granted, only upon showing proper evidence to the court that the chemical composition of the blood sample drawn from the defendant in the early morning hours of February 24, 1970, is exactly the same- today. This evidence may be presented to the court at the same time that the suppression hearing will be had.