THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANK J. TURCSIK, Respondent.— Appeal from (1) an order of the County Court of Tompkins County, entered July 18, 1972, which denied the prosecution's motion to reopen, and (2) a subsequent order, entered September 11, 1972 as amended October 27, 1972, which granted defendant's motion to dismiss the indictment. Defendant was indicted for the crime of criminally selling a dangerous drug in the third degree in violation of section 220.35 of the Penal Law. He was subsequently arraigned and entered a plea of not guilty. On June 19, 1972 defendant waived his right to a jury trial. The evidence at the trial revealed that on November 6, 1971 Trooper Mastronardi, who was working on special assignment as an undercover narcotics investigator in Tompkins County, purchased two tin-foil packets alleged to be heroin from the defendant for $20. A short time after the purchase, Trooper Mastronardi turned the packets over to his supervisor, Investigator McElligott. The tin-foil packets were placed in a small plastic evidence box, which in turn was placed in a plastic bag. McElligott personally delivered the plastic bag containing the tin-foil packets of Trooper Vredenburgh on November 12, 1971. Vredenburgh was not called as a witness. However, from the testimony it appears that he personally delivered the exhibit to a chemist at the New York State Police Laboratory in Albany on November 12, 1971 and returned it to Investigator McElligott the same day. Investigator McElligott indicated that Trooper Vredenburgh was unable to testify because he was in the course of an undercover narcotics investigation and his presence at the trial would jeopardize his safety, the safety of others and expose the investigation. After the prosecution rested, defendant moved to dismiss the indictment on the ground that the chain of possession of the evidence had not been established because of the failure to call Trooper Vredenburgh as a witness. There was no evidence that the exhibit had been sealed prior to its receipt at the laboratory; nor was there testimony as to the custodial circumstances relative to the exhibit from November 6 to November 12, 1971 while it was allegedly in Trooper McElligott's possession. Approximately 22 days later, the prosecution moved for permission to reopen its case in order to produce Trooper Vredenburgh as a witness. This motion was denied by the trial court on the ground that to reopen the case might prejudice the defendant, and that the prosecution had failed to show

good cause why the court should so exercise its discretion. Thereafter, the trial court rendered a written decision granting defendant's motion to dismiss the indictment. It was an abuse of discretion on the part of the trial court to deny the prosecution's motion to reopen its case in order to produce Trooper Vredenburgh as a witness in view of the fact that he was engaged in undercover work at the time. During the trial, the Trial Judge had stated that he was "not going to make him be produced". Nevertheless, he later denied the prosecution's motion to reopen its case in order to produce Trooper Vredenburgh as a witness. Fairness requires that this decision be reversed. Orders reversed, on the facts and as a matter of discretion and in the interest of justice; motion to reopen granted; motion to dismiss indictment denied and indictment reinstated. Staley, Jr., J. P., Greenblott, Main and Reynolds, JJ., concur; Cooke, J., dissents and votes to affirm in the following memorandum. Cooke, J. (dissenting). I dissent and vote to affirm the orders of the County Court. The reopening of the case in order to permit the prosecution to present additional testimony was a matter resting in the discretion of the Trial Judge (*People* v. *Ferrone,* 204 N. Y. 551; *People* v. *Reaves,* 30 A D 2d 828, 829, affd. 26 N Y 2d 921). In view of the announcement of the District Attorney on June 12, 1972 that the case was ready for trial, the motion for dismissal based on the failure to produce Trooper Vredenburgh made at trial on June 19, 1972, the prosecution's failure to then request a continuance and reopening, and the lapse of 22 days after both sides rested before the prosecution instituted its motion for reopening, it cannot be said that there was an abuse of discretion in denying the motion. The Trial Judge observed in his decision that it was clear that the officer was available and that the nature of his testimony was known to the People at the time of trial. Precautions, such as the exclusion of spectators during his testimony at the trial, could have been requested (*People* v. *Hinton,* 31 N Y 2d 71). It was necessary to establish a proper chain of identification and unchanged condition from the time the material was purchased until it was delivered to the chemist (cf. *People* v. *Malone,* 14 N Y 2d 8; *People* v. *Sansalone,* 208 Misc. 491), which proof was obviously lacking here.