F. Warren Travers, J.
The defendant-appellant, Keith South, was charged with assault in the third degree, a misdemeanor, and tried in Town Court, Town of East Greenbush, before Justice Patrick T. Maney, without a jury on October 2, 1973.
At the close of the case, Justice Maney reserved decision and requested that the transcript be forwarded to him within 30 days.
On November 29, 1973, Justice Maney rendered a verdict of guilty and set a sentencing date of January 10, 1974. There followed an unsuccessful petition by defendant-appellant under CPLR article 78 which resulted, however, in a delay in sentencing until July 25, 1974.
Defendant was sentenced as a youthful offender and was given a conditional discharge.
The record submitted to this court, including the transcript of the trial, did not indicate whether the defendant or his *794 then attorney objected to the reservation of decision by the Trial Justice.
Accordingly, this court directed the defendant, his trial attorney, the Assistant District Attorney in charge of the prosecution, and the Trial Justice to submit affidavits to clarify this point.
Defendant contends that he objected to the "reservation of the Judge’s decision and requested that it be decided forthwith”. Both the defendant and the attorney who represented him on trial submitted affidavits stating that such objection was made at the conclusion of the trial.
The Trial Justice supplied this court with his affidavit stating, "that after the record of the proceedings was completed there may have been discussion regarding the rendering of an immediate verdict, but deponent has no recollection of the discussion”.
The Assistant District Attorney who prosecuted this case in the Justice Court also supplied this court with an affidavit stating, "that he has no recollection of any discussion or request by Benjamin Wolman, Esq., for an immediate decision on the case. That, although he has no specific recollection of any such conversation, discussion or request, he can not say with certainty at this time that such conversation, discussion or request was not made or had at that time.”
In view of all of the foregoing, the court makes a determination and will consider this appeal on the assumption that the defendant and his attorney timely objected to the reservation of decision by the Trial Justice.
On the appeal, defendant contends that the Town Court was divested of jurisdiction for the following reasons: first, by adjourning the matter without date; second, by its failure to render a verdict at the close of the case; third, by reason of its failure to render a judgment within 30 days after submission of the case pursuant to section 1304 of the Uniform Justice Court Act.
At the outset, the court directs itself to defendant’s third point and finds that a thorough reading of the Uniform Justice'Court Act makes it clear that section 1304 applies to civil cases only. The language of section 1304 itself harks back to where "a jury trial is not demanded or directed as provided in § 1303”. Section 1303 and the various sections of the act prior thereto relate to civil matters.
*795 Section 2001 of the Uniform Justice Court Act clearly and succinctly sets forth the jurisdiction, the practice and procedure of the Justice Court in criminal matters.
Section 2001 of the Uniform Justice Court Act states:
"Criminal jurisdiction; procedure
"(1) The court shall have such jurisdiction of criminal matters as is prescribed by the criminal procedure law.
"(2) Unless otherwise specifically prescribed, the practice and procedure in the court shall be governed by the criminal procedure law.”
The court is also mindful of CPL 1.10 which states in part that "the provisions of this chapter shall apply exclusively to: (a) All criminal actions and proceedings commenced upon or after the effective date thereof’.
Defendant’s first point raises the following question: under the present state of the law, what happens when a Town Court hears a case without a jury and at the conclusion of the case reserves decision and adjourns without date?
The Town Court, as we know it today, has been known under many titles and in its origins dates back to colonial times.
In its development, there is no question that, at one time, what we know as the Town Court was a Court of Special Sessions. Such a court was not a continuous court and lost jurisdiction upon the adjournment of a cause without date.
As early as 1938, the Legislature began a series of steps, which had the effect of altering the nature of these courts. Starting with the enactment of section 702-a of the Code of Criminal Procedure (L 1938, ch 456) through 1953, when the Legislature added subdivision 3 of section 702-a of the Code of Criminal Procedure (L 1953, ch 585), it is clear that the Legislature intended to make this court a continuing court in order to prevent it from losing jurisdiction, if the case were adjourned without date.
For a review of the legislative enactments and other cases on this point, reference is made to People v Jacobs (2 Misc 2d 369).
In enacting the Criminal Procedure Law (L 1970, ch 996, eff Sept. 1, 1971, as amd by L 1970, ch 997), however, the Legislature omitted subdivision 3 of section 702-a of the old Code of Criminal Procedure.
*796 Defendant contends that this omission causes the Town Court to revert "to the same lack of continuing jurisdiction as was evident prior to the enactment of CCP 702-a(3).”
The Commission on Revision of the Penal Law and Criminal Code undertook a task of great magnitude. In shaping this new procedural scheme, there was an attempt to provide a workable body of procedure attuned to modern times.
CPL article 10 gave us a revamped lower criminal court structure. The term "local criminal court” is defined in CPL 10.10 (subd 3), and includes the "town court”. The terms "magistrates” and "courts of special sessions” of the old code are abandoned in favor of a system that describes what the lower criminal courts are and what they do.
In creating this body of laws to regulate procedures in criminal matters, the Legislature was certainly aware of the nature of Town Courts and aware of subdivision 3 of section 702-a of the Code of Criminal Procedure. More than a mere awareness, the Legislature acted affirmatively in creating a new concept of "lower criminal courts”, which did not need the safeguard afforded to the old Courts of Special Sessions by this section. It was not included in the revision because it had no further utility.
In this matter, now on appeal, when the trial court reserved decision and adjourned without date, it did not lose jurisdiction to proceed to a verdict and sentence.
The final point to be considered is an interpretation of CPL 350.10 (subd 3, par [d]), which states, "the court must then consider the case and render a verdict”.
For how long and in what manner must the court consider the case and when must it render a verdict?
The statute does not say "immediately”, nor does it specify any time limit.
There are very few cases touching on this point, and only one case that this court has found which was decided subsequent to the enactment of the Criminal Procedure Law.
In People v Turcsik (71 Misc 2d 24), the court considered CPL 320.20 (subd 3, par [d]), which contains language identical to CPL 350.10 (subd 3, par [d]). In that case, however, the trial court had specifically reserved decision at the request of the defendant. Such is not the case here.
In People v Moroch (7 Misc 2d 189), decided under subdivision 3 of section 702-a of the Code of Criminal Procedure, the *797 Court of Special Sessions, City of Yonkers, reserved decision on July 1, 1955. Nine months later, on April 2, 1956, the court found the defendant guilty of the crime of accepting a bet on a horse race. County Court of Westchester County affirmed.
In People v Kraemer (14 Misc 2d 42, 45), Judge Munder commented on the Moroch case, stating "it seems highly improbable to me that the Legislature intended to give carte blanche to magistrates to withhold decision in any case for as long as they desire.”
In People v Jacobs (2 Misc 2d 369, supra), the Court of Special Sessions reserved decision "and about 25 days thereafter rendered [its] decision finding guilt and imposing a fine.” That case was also decided under subdivision 3 of section 702-a of the Code of Criminal Procedure.
In the Jacobs case, Judge Cooke, then County Judge of Sullivan County, stated (p 372), "Furthermore, besides the clear legislative enactment and intent [Code Crim Pro, § 702-a, subd 3], it is obvious that there are good and sufficient reasons that a magistrate should be permitted to reserve decision.”
As pointed out in the Jacobs case (p 373), " 'In a case tried without a jury, it may be equally indispensable to a justice to adjourn at the conclusion of the testimony, postponing decision and rendition of judgment, to enable the judge, among other things, to study the decisional law interpreting statutes involved in the case, or to reconsider rulings on admission or rejection of evidence’. " The court added (p 373), "Furthermore the members of a jury require sufficient time to deliberate and consider the evidence; so, too, a magistrate should not be deprived of the same aid in arriving at a proper determination.”
Although the Legislature, in civil matters, has set a time limit for the courts to reach a decision, 30 days under section 1304 of the Uniform Justice Court Act, and 60 days under CPLR 4213 (subd [c]), it remains silent in criminal matters under the CPL.
Without question,’ this is a proper topic for the Legislature to consider and answer.
In the case now before the court, there was a time lag of 58 days from the close of evidence until verdict. Defendant was not in custody during this time period.
In the absence of a clear expression of legislative intent, this court holds that a time lag of 58 days from the close of *798 evidence until verdict did not violate any substantial right of the defendant.
The judgment of conviction is affirmed.