Harold J. Stiles, J.
The defendant was charged with disorderly conduct in violation of subdivisions 5 and 6 of section 240.20 of the Penal Law, for acts which allegedly occurred in the Village of Newark, New York, on or about October 31, 1975. The defendant was arraigned in Newark Village Court on November 5, 1975, before the Newark Village Justice. The matter was adjourned to November 12, 1975, at 1:30 p.m. for trial, at which latter time the defendant and his witnesses appeared for trial. However, the District Attorney informed the court that he was not prepared for trial and moved for an adjournment, which was opposed by defendant’s attorney but granted by the court, and the matter was adjourned to November 19, 1975, for trial. Trial was held on November 19, 1975, starting at about 3:00 p.m. At the end of the trial (at about 5:00 p.m., see below), over the specific objection of defendant’s attorney, the court reserved decision. It appears that the trial court felt that this procedure was "very irregular”, and that it was being done "because not only is this case before the Court but there are at least four, and perhaps five, that arise out of this same time and place”. The trial court also stated "I am reserving decision until I hear the other cases because the other cases have been set down for trial on December 10th at 1:30”. In his objection, defendant’s attorney indicated his concern "that the court may get entangled with testimony from other cases unrelated to this defendant”. It was not until December 24, 1975, that the Village Justice found the defendant guilty and sentenced the defendant to a conditional discharge for a period of one year.
An appeal has been taken to this court by defendant, and his attorney contends that:
(a) The Village Justice erred in granting the motion of the District Attorney for adjournment of the trial.
(b) The Village Justice erred in not rendering his decision at the conclusion of the trial, and in reserving his decision to a later date so that he might read the transcript of the trial.
(c) The testimony presented at the trial failed to prove the defendant guilty of the violation charged beyond a reasonable doubt, in that the proof indicated that the defendant arrived in the group some time after orders to disperse had been given by the police officer, and that when such an order was given after he arrived, he complied with said order. Further, there was no type of conduct on the part of the defendant which involved "a genuine intent or tendency to provoke a breach of *141 the peace”, or "to cause public inconvenience, annoyance or alarm”. There was no proof presented at the trial concerning the allegation in the information which alleged "the actions of said defendant did cause several complaints to be registered with the Newark Police Department.”
(d) The arrest and conviction of the defendant violated his constitutional rights under the First and Fourteenth Amendments of the United States Constitution.
(e) By reason of the foregoing, the conviction and sentence imposed upon the defendant were unauthorized, illegally imposed and invalid as a matter of law.
On the argument of the appeal before this court, both counsel informed this court that the trial was completed in one session of about two hours’ duration, so that it appears that at about 5:00 p.m. on November 19, 1975, it was complete. On the argument of the appeal the Assistant District Attorney conceded that there was no proof of any violation of subdivision 5 of section 240.20 of the Penal Law. The defendant’s attorney briefed and principally argued two points on the appeal, to wit, that:
(1) The prosecution failed to establish a violation of subdivisions 5 and 6 of section 240.20 of the Penal Law beyond a reasonable doubt; and
(2) The Trial Judge erred in not rendering a verdict immediately.
The question of whether or not the Judge of the local criminal court erred in not rendering a verdict immediately, or within a matter of hours at most, after the proofs were closed and summations completed will be considered first.
Section 2001 of the Uniform Justice Court Act provides as follows:
"(1) The court shall have such jurisdiction of criminal matters as is prescribed by the criminal procedure law.
"(2) Unless otherwise specifically prescribed, the practice and procedure in the court shall be governed by the criminal procedure law.”
CPL 350.10 (subd 3, par [d]) provides that in a single-Judge trial of an information in a local criminal court, after summations, "The court must then consider the case and render a verdict”. Identical language is found in CPL 320.20 (subd 3, par [d]) with respect to a nonjury trial of an indictment by one Judge of a superior court.
*142 The words "then” and "verdict” demand further consideration.
Had the word "immediately” or the words "within thirty days” or other similar words been used in place of the word "then”, there would be no problem. The word "then” can be construed in different ways, and it is evident that the Justice in the local criminal court construed it to mean merely "in due course as the next step in the trial procedure”. As will appear more fully below, this court construes the word "then” in a different manner.
The word "verdict” points up the fact that in a situation where the single Justice is determining all questions of fact, he is in effect serving as a one-man jury. He is not required to write a decision or to make findings and conclusions, but is merely required to render a verdict of "guilty” or "not guilty”. The possibility of a "hung” jury situation does not exist, since the verdict is being rendered by a single individual.
In People v Turcsik (71 Misc 2d 24, revd on other grounds 43 AD2d 777, app dsmd 34 NY2d 985), a case arising under CPL 320.20, it may be implied that in the opinion of that court it would have been necessary to render a verdict at the close of the proofs and summations, except for the fact that decision was reserved at the request of the defendant’s attorney, and the further consideration that the question reserved was in connection with the admission of evidence.
In People v South (84 Misc 2d 792) the court held that a time lag of 58 days from the close of evidence in a misdemeanor trial until verdict did not violate any substantial right of the defendant, who was not in custody during such time. In that case it was not clear whether or not an objection to reservation of the Judge’s verdict was made at the end of the trial by the defendant’s attorney, and it further did not appear that anything else was going on during the interim period which might have prejudiced the verdict, such as consideration of other cases involving other defendants allegedly involved in the same general activities. In the case before this court on appeal a proper objection was made on the record, and it also appears that in the interim period the local court planned to consider other cases involving other defendants allegedly involved in the same general activities, and defendant’s counsel in connection with his objection expressed concern about this. No cases other than the above and those cited in South have been discovered, and it may be *143 presumed that in most cases counsel have consented when the local criminal court indicated it wished to reserve, or that defense counsel for practical reasons have not appealed when, over their objections, verdicts of guilty have been rendered in noncriminal cases such as the case before this court or minor criminal cases such as the South case, particularly when only relatively nominal sentences have been imposed.
CPL 360.55 provides as follows: "The provisions of article three hundred ten, governing the deliberation and verdict of a jury upon a jury trial of an indictment in a superior court, are applicable to a jury trial of an information in a local criminal court.” Article 310 contemplates that a jury will render a verdict at the close of the case, unless it is "hung” or there is a mistrial, in which latter event a retrial is provided for. Obviously, a jury is entitled to a reasonable length of time in which to deliberate, but unless it is "hung” or there is a mistrial, it must render a verdict and cannot reserve its verdict to some later date.
Although section 1304 of the Uniform Justice Court Act clearly applies only to civil matters, it is interesting to note that in a nonjury civil trial the local court must render judgment within 30 days except when further time is given by consent of the parties.
As noted above, a jury is entitled to a reasonable length of time in which to deliberate, and it seems to this court that a Judge in either a superior court or a local criminal court is entitled to a like amount of time. He should have time to consider his notes, the exhibits, and the testimony of the witnesses, and to have the latter read back to him if necessary, and time to go over the evidence as he remembers it, but within a relatively short time he should render a verdict of "guilty” or "not guilty”, just as a jury would have been required to do. As noted above he is not required to make a written decision or findings and conclusions, but only to render a verdict. In criminal matters it seems to this court that a reasonable time for rendition of a verdict would be, in the absence of a specific statute to the contrary or of the acquiesence of counsel, a matter of no more than a few hours. Certainly it would be far less than the 35 days which the local court took in this case. An additional factor exists in the present case, to wit: It appears that it is possible that the defendant could have been prejudiced by the consideration of other cases in the interim period, and defendant’s counsel *144 expressed on the record his concern in the latter regard at the time he objected to the reservation.
The policy of the law is and must be to afford a defendant a prompt trial, which must include a prompt verdict at the conclusion of the evidence and summations (and also of the charge if there is a jury). It is clearly improper to keep a defendant dangling for days or weeks or even longer. It is logical that a verdict should be required to be rendered when the facts are the freshest in the mind or minds of the person or persons who is or are rendering the verdict, and certainly before there is an opportunity to consider, either consciously or unconsciously, extraneous matters not in evidence in the case before the court (particularly when they involve other persons accused of committing the same or closely related acts).
This court determines that the requirements of CPL 350.10 (subd 3, par [d]) were not complied with in this case and that the conviction and sentence herein were not valid.
The above determination makes it unnecessary to consider any of the other matters raised on this appeal, and no opinion is expressed as to any . of them.
The conviction of the defendant is reversed and the sentence imposed is set aside.
This court is in accord with the sentiments of the court in South (supra), that the enactment of a definite time limit "is a proper topic for the Legislature to consider and answer”.