John R. Tenney, J.
The petitioner seeks a stay of revocation pending determination of the administrative appeal which stay has been denied by the Administrative Appeals Board. Although the exercise of discretion by the Administrative Appeals Board should normally be upheld (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Fink v Cole, 1 NY2d 48; Matter of Meschino v Lowery, 34 AD2d 255), there is no rational basis for the denial in this case.
There are some reasons why the stay should have been granted, among others, petitioner raises a question with reference to his physical condition. There is a serious question whether the petitioner ever operated a vehicle on a public highway. The testimony was that the vehicle was in a private parking lot and had gone into a ditch without reaching the highway.
Section 1192 of the Vehicle and Traffic Law refers to the operation of a motor vehicle, but it does not state whether or not it applies to a vehicle which was not on a public highway. However, section 1192 is a penal statute and must be construed strictly as to the prosecution and liberally in favor of the defendant. (People v Burton, 47 Misc 2d 1077.) The purpose of the statute was to relieve persons on the public highway from the menace of intoxicated drivers. (People v Koch, 250 App Div 623.)
Since the failure to take the test under section 1194 is also a penal statute, it should be construed in the same manner. Since the defendant was not operating a vehicle on a public highway, and since he raises a possibility that he may have been physically disabled, the denial of the stay is an improvident exercise of discretion.