FRANK EDWARD NAIR and DAVID GORDON NAIR
*v.* STATE OF MARYLAND

[No. 1451, September Term, 1980.]

*Decided March 11, 1982.*

The cause was argued before MOORE, LOWE and MASON, JJ.

*Michael R. Malloy, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellants.

*Adriana V. Klich, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Lawrence V. Kelly, State's Attorney for Allegany County,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

David Gordon Nair and Frank Edward Nair, appellants, were tried jointly in the Circuit Court for Allegany County of store house breaking and larceny. They were found guilty on both counts and sentenced to terms of five and ten years imprisonment respectively. On appeal appellants present the following two questions:

1. Did the lower court err in admitting certain allegedly stolen firearms because they were seized as a result of an illegal search and seizure?

2. Did the lower court err in not ordering separate trials for the appellants, as Frank Edward Nair was tried by a jury, whereas David Gordon Nair was tried by the Court?

According to the evidence adduced at trial, on 15 June 1980 Robert White, a private citizen, contacted Sergeant McGowan of the Maryland State Police and told him he had an offer to purchase several weapons and inquired if the police had any information regarding the theft of some shotguns. Sergeant McGowan informed White that he did not have a report of such a theft, but advised him to purchase the weapons and to call him back. Thereafter, Sergeant McGowan made a further search of his records and found that a store in Frostburg had been burglarized on 13 June 1980 and several weapons had been stolen. Later that evening White brought two Remington shotguns to the police barracks. The serial numbers on the guns matched those of the guns stolen from the store in Frostburg. White informed Sergeant McGowan that he had purchased the guns from the Nair brothers, Terry, Frank and David. He gave the sergeant a physical description of the brothers and the tag number and description of the car they were driving. White also told McGowan that the Nair brothers had offered to sell him more weapons.

On 17 June 1980 at approximately 2:00 p.m. White told
Sergeant McGowan that he had arranged to purchase addi-
tional weapons from the Nair brothers and was supposed to
meet them between 5:00 and 6:00 p.m., at Bucks Hotel. The
sergeant staked out the area and at 5:00 p.m., he stopped the
previously described vehicle which was being operated by
David Nair with Frank Nair as a passenger. Both appellants
were arrested and removed to a police vehicle where they
were handcuffed and advised of their *Miranda* rights.
According to Sergeant McGowan he requested and was
granted permission by David Nair, in whose name the car
was listed, to search the car. Pursuant to information previ-
ously given him by Robert White, McGowan went to the
back of the vehicle, pulled up the trunk mat and observed
three or four weapons concealed under the mat. Upon
returning to the vehicle police Trooper Wilson told him that
David Nair said he did not want him to search any further.
No further search was conducted at the scene. The vehicle
was taken to the Cumberland Barracks where it was
searched and four guns were seized.

I.

Appellants argue that "because Sergeant McGowan had
ample time and probable cause to obtain a search warrant
for appellant's car before the appointed time of the sale of the
shotguns, there were no exigent circumstances justifying the
warrantless search in this case." We do not agree.

In order to justify the warrantless search of appellant's
automobile under the so-called automobile exception,
*Carroll v. United States,* 267 U.S. 132 (1925) probable cause
and exigent circumstances must be established. *Soles v.
State,* 16 Md. App. 659 (1973). In the present case appellants
concede that there was probable cause but argue that there
were no exigent circumstances because Sergeant McGowan
had ample opportunity to obtain a warrant. Although argu-
ably the police may have had sufficient information to obtain
a warrant after Robert White purchased two stolen weapons
from appellants on 15 June 1980, the police were under no

obligation to conclude their investigation or arrest appellants at that time. *See Cardwell v. United States,* 47 U.S. 583, 595 (1974) where the Court said: "Assuming that probable cause previously existed, we know of no case or principle that suggests that the right to search on probable cause and the reasonableness of seizing the car under exigent circumstances are foreclosed if a warrant was not obtained at the first practical moment."

In the present case the police were notified on 17 June 1980 at 2:00 p.m., that a sale of weapons would take place at 5:00 p.m. Inasmuch as they only had a few hours to react to the imminent sale of stolen weapons, we think it clear that the police were faced with exigent circumstances demanding immediate action. Of like import *see Jarrell v. State,* 36 Md. App. 371 (1971). In that case this Court found exigent circumstances demanding immediate action where the police conducted a warrantless search of a vehicle for marihuana upon receiving information that a sale was to occur within two hours. *See also United States v. Neubourn,* 600 F. 2d 452 (4th Cir. 1979) where the Fourth Circuit under a similar factual situation held that the warrantless search of the trunk of a vehicle loaded with stolen firearms was within the automobile exception to the warrant requirement of the Fourth and Fourteenth Amendments. For the reasons stated herein we conclude that there were exigent circumstances to conduct a warrantless search of appellant's vehicle. Because of this finding we need not determine whether David Nair's consent to search the vehicle was voluntary and validated the search.

## II.

The record discloses that on the morning of the trial the following colloquy occurred:

> THE STATE: Your Honor, at this time would call companion cases 2212 and 2213 Criminal Trials, the State of Maryland v. Frank Edward Nair and David Gordon Nair. And what the State finds to be

a somewhat unusual situation, Mr. Frank Edward Nair, it is my recollection, requests trial by Jury; Mr. David Gordon Nair requests trial by Court.

BY THE COURT: Mr. Clark, you represent Mr. Frank Edward Nair?

MR. CLARK: Yes sir.

BY THE COURT: His election to be tried by a Jury?

MR. CLARK: Yes sir.

BY THE COURT: Mr. Schindler, I understand that you represent David Gordon Nair?

MR. SCHINDLER: Yes, Your Honor.

BY THE COURT: And it is his election to be tried by the Court?

MR. SCHINDLER: Yes, that's the desire of the Defendant.

BY THE COURT: And the cases have been consolidated for trial. Is there any objection?

MR. CLARK: I might say this. This is the... I've been practicing law for forty years, and this is the first time in my experience I've ever seen this happen. Just for the purpose of the record reserve a objection to the method.

BY THE COURT: All right.

Frank Nair, who was tried by a jury, argues that during the course of the trial the jury heard testimony presented by the State in its prosecution of David Nair, who was tried by the court, that David Nair was observed smoking marihuana and admitted the theft of the guns. Frank Nair contends that this testimony was not relevant to his case and was prejudicial.

In response the State argues that Maryland Rule 736 (a) (5), *i.e.*, "A Motion for Joint or Separate Trial of Defendants or Offenses" is a mandatory pretrial motion and must be filed within thirty days of counsel's appearance unless the court, for good cause shown, orders otherwise. The State argues further that good cause was not shown.

We do not think that Maryland Rule 736 (a) (5) applies in this case. When David Nair requested a court trial and Edward Nair requested a jury trial, this, for all intents and purposes, resulted in a severance of the trials. Neither appellant could have anticipated that they would be tried jointly so as to require them to file pretrial motions invoking Maryland Rule 736 (a) (5). Although Maryland Rule 736 (a) (5) is not applicable in this case, no prejudicial error was shown. We do not think Robert White's testimony that he observed David Nair smoking marihuana was so prejudicial to Frank Nair's case as to require a reversal. Nor do we think it error for Robert White to testify that David Nair admitted the theft of the rifles, since he also testified that Frank Nair admitted the theft of the weapons. We find no reversible error in the case resulting from the joint and simultaneous trials of appellants. *See United States v. Rimar,* 558 F. 2d 1271 (6th Cir. 1971); *Copening v. United States,* 353 A. 2d 305 (1976), *but see People v. Kanopka,* 164 N.Y.S.2d 139 (1957) where this court found a similar practice improper. For the same reason as set forth by this Court in *Scarborough v. State,* 50 Md. App. 276 (1981), a case involving dual jury trials, we strongly disapprove of the practice of conducting joint and simultaneous trials of co-defendants when one has requested trial by court and the other has requested trial by jury.

> *Judgments affirmed.*
> *Costs to be paid by appellants.*